*267 OPINION OF THE COURT
Angelo Graci, J.
The New York City Health and Hospitals Corporation, one of the defendants, has moved for, inter alla, partial summary judgment in this wrongful death action brought by James J. Collins, the Public Administrator of Queens County, as the representative of the estate of Shiv Koumar.
Shiv Koumar, born in India in 1957, and his wife, Anju Koumar, born in India in 1958, entered the United States illegally in 1984 or 1985. Shiv Koumar worked as a waiter “off the books” in restaurants in New York City, allegedly earning $250 per week, plus tips. He died on January 22, 1987, allegedly as a result of the negligence and malpractice of agents of Elmhurst Hospital. This action for wrongful death ensued, and the plaintiff is seeking, inter alla, over $2,000,000 in lost earnings based on United States wage rates. Anju Koumar is the only distributee.
"[F]air and just compensation for the pecuniary injuries resulting from the decedent’s death” (EPTL 5-4.3) includes compensation for the loss of his earnings. (See, Stringile v Rothman, 142 AD2d 637; Zaninovich v American Airlines, 26 AD2d 155.)
The question presented is whether a plaintiff in a wrongful death action who is suing as the representative of the estate of an illegal alien may recover for the loss of what would have been the decedent’s future earnings in the United States where the decedent’s employment in this country was in violation of the immigration laws.
There are no New York cases squarely on point. Hernandez v M/V Rajaan (841 F2d 582, reh 848 F2d 498), decided by the United States Court of Appeals, Fifth Circuit, in 1988, is of some relevance, though of limited precedential value. Alejandro Hernandez, a longshoreman, brought an action against a shipowner and a vessel to recover for personal injuries (severe paralysis) caused by a falling sack of rice. Although Hernandez was an illegal alien, the Court of Appeals initially held that he was entitled to a damage award based on United States wage and medical rates because he had demonstrated his eligibility for permanent resident status under the amnesty provisions of the Immigration Reform and Control Act of 1986 (8 USC § 1101 et seq.). However, upon a rehearing of the appeal, the court vacated that part of its earlier opinion, and shifting the ground of its decision, held that Hernandez *268 could be compensated at United States wage rates because the defendant did not offer proof that Hernandez "was about to be deported or would surely be deported.” (Hernandez v M/V Rajaan, 848 F2d 498, 500, supra.) The focus of the cited case is almost totally on where Hernandez would be permitted to reside in the future, and little or no discussion was given to the illegality of his employment. But the case at bar does not involve a severely paralyzed plaintiff whose future home in the United States should be presumed, and more attention must be given here to the illegality of the decedent’s employment.
Although there are no New York cases dispositive of the issue presented here, it has been held that a plaintiff is not precluded by his status as an illegal alien from bringing an action for personal injury based on a defendant’s negligence. (Woo Sung Ling v City of New York, 276 App Div 1026.) This rule is derived from equitable considerations and from an analysis showing that the illegality committed by the alien in entering the country is not at the foundation of his cause of action. (See, Feldman v Murray, 171 Misc 360.) Moreover, illegal aliens are entitled to maintain civil actions in the courts of New York State for wages due them in order to prevent the unjust enrichment of their employers. (Alvarez v Sanchez, 105 AD2d 1114; Nizamuddowlah v Bengal Cabaret, 69 AD2d 875.)
These cases involving illegal aliens show that where there are sufficient countervailing considerations of equity and public policy, the general rule barring a party from coming into court to profit from his own wrong (see, Barker v Kallash, 63 NY2d 19; Riggs v Palmer, 115 NY 506) is not rigorously applied. However, in the case at bar, there is no element of unjust enrichment present, nor can the court discern any reason arising from equity or public policy why the plaintiff should be allowed to recover for lost wages based on United States rates. The plaintiff made no showing on this motion for summary judgment that the distributee will be permitted to remain in this country and so will require compensation for her loss at United States wage rates. It should be noted that, by contrast, the Hernandez court initially found that the severely paralyzed plaintiff would be permitted to remain in this country, and, upon reconsideration, eventually held that there could be recovery at United States rates in the absence of proof by the defendants that he would be deported.
A party may not sue to recover for services rendered in an *269 illegal transaction such as unlicensed employment. (Spivak v Sachs, 16 NY2d 163.) The earnings of a person engaged in a criminal or unlawful occupation cannot be used as a basis of recovery for personal injuries. (Murray v Interurban St. Ry. Co., 118 App Div 35; 36 NY Jur 2d, Damages, § 68; 25 CJS, Damages, § 38.) An illegality is at the foundation of the plaintiff’s cause of action insofar as it seeks damages at United States wage rates, and there is no reason to permit the decedent’s illegal earnings in the United States to be used as a basis for recovery in this particular wrongful death action.
Accordingly, that branch of the motion which is for summary judgment is granted to the extent that the complaint is dismissed insofar as it seeks damages for lost earnings at United States rates.
The defendant has also moved for an order in limine precluding the plaintiff from offering evidence concerning the decedent’s employment qualifications. However, the plaintiff is entitled to offer proof concerning whatever lost wages the decedent lawfully could have earned in India. With proper instructions, a jury can be made to understand that the decedent’s employment qualifications are to be considered only in relation to employment in India.
Accordingly, that branch of the motion which is for an order in limine precluding the plaintiff from offering evidence concerning the decedent’s employment qualifications is denied.