■ PUBLIC ADMINISTRATOR OF BRONX COUNTY, as Administrator of the Estate of PETER J. KIRBY, Deceased, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Defendants, and STRUCTURE TONE, INC., et al., Appellants. (And Three Third-Party Actions.) [595 NYS2d 478] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered April 15, 1992, which denied a motion and cross-motion for an order in limine precluding plaintiff's introduction of evidence of his decedent's future lost earnings, unanimously affirmed, without costs.

We agree that the plaintiff administrator should be permitted to offer evidence of any wages that his decedent, an alien working in the United States on an apparently illegal basis, might have earned. Any pertinent evidence is competent unless prohibited by statute (see, Freeman v Corbin Ave. Bus Co., 60 AD2d 824, 825, lv denied 44 NY2d 649). It is for the jury to weigh defense proof that decedent would have earned those wages, if at all, by illegal activity (see, Spadaccini v Dolan, 63 AD2d 110, 124).

In tort cases, beginning with Barker v Kallash (63 NY2d 19, 24-25), the criminal nature of an act has been held to preclude recovery of damages based on the consequences of that act

only where the act is a serious crime that directly caused the injuries *(see also, Izzo v Manhattan Med. Group,* 164 AD2d 13, 18, *amended* 169 AD2d 428, *lv dismissed* 77 NY2d 989).

No different result is required by the public policy disfavoring enforcement of contracts for illegal activity *(see, McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 469). The record does not support a conclusion, as a matter of law, that decedent's allegedly illegal conduct amounted to serious crimes that directly caused his injuries. To the extent that *Collins v New York City Health & Hosps. Corp.* (151 Misc 2d 266 [Sup Ct, Queens County], *adhered to on rearg* 151 Misc 2d 270) is inconsistent, we decline to follow it. Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.