■ JAMES J. COLLINS, as Public Administrator of the Estate of SHIV KOUMAR, Also Known as SHIV KUMAR, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, et al., Defendant. [607 NYS2d 387] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Graci, J.), dated August 29, 1991, which, *inter alia,* granted that branch of the motion of the defendant New York City Health and Hospitals Corporation which was for partial summary judgment dismissing the complaint insofar as it seeks recovery for the decedent's lost earnings based upon his employment in the United States or at rates paid in the United States, and (2) as limited by his brief, from so much of an order of the same court, dated May 14, 1992, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated August 29, 1991, is dismissed, as that order was superseded by the order dated May 14, 1992, made upon reargument; and it is further,

Ordered that the order dated May 14, 1992, is reversed insofar as appealed from, on the law, the order dated August 29, 1991, is vacated, and the motion of the defendant New York City Health and Hospitals Corporation is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action to recover damages for medical malpractice and wrongful death of the decedent, an illegal alien from India, who had been employed in the United States prior to his death. The defendant New York City Health and Hospitals Corporation (hereinafter HHC) subsequently moved for partial summary judgment to preclude the plaintiff from seeking to recover any lost earnings of the decedent based on his employment in the United States or upon United States wage rates, and to preclude the plaintiff from offering evidence of the decedent's employment qualifications. The Supreme Court granted the motion to the extent of limiting any evidence of lost earnings to the amount which the decedent lawfully could have earned in India *(see, Collins v New York City Health & Hosps. Corp.,* 151 Misc 2d 266). Upon reargument, the Supreme Court adhered to its determi-

nation *(see, Collins v New York City Health & Hosps. Corp.,* 151 Misc 2d 270).* We now reverse and deny HHC's motion.

We find that the award of summary judgment with regard to the decedent's lost earnings was improper, inasmuch as the record fails to establish as a matter of law that any wages which the decedent might have earned would have been the product of illegal activity *(see, Public Adm'r of Bronx County v Equitable Life Assur. Socy.,* 192 AD2d 325; *Spadaccini v Dolan,* 63 AD2d 110). Rather, this question, as well as the length of time during which the decedent might have continued earning wages in the United States *(see,* CPLR 4111 [d]), and the likelihood of his potential deportation, are factual issues for resolution by the jury under all of the circumstances of the case as developed by a full trial *(see, Public Adm'r of Bronx County v Equitable Life Assur. Socy., supra).* Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.