■ JOSE A. GOMEZ, as Guardian of RAUL A. GOMEZ, an Infant, et al., Appellants, v LONG ISLAND RAILROAD, Respondent. [607 NYS2d 388] —In a negligence action to recover dam-

ages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered February 11, 1992, as denied their cross motion to strike items numbered 1 through 5 and 7 of the defendant's notice to admit.

Ordered that the order is modified, by deleting therefrom the provision denying those branches of the plaintiffs' cross motion which were to strike items numbered 1, 2, and 7 of the defendant's notice to admit, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiffs' time to respond to the remaining items in the notice to admit is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

Although the admissions sought in items numbered 1 and 2 of the defendant's notice to admit involving the injured plaintiff's status in this country under the immigration laws will be relevant with respect to the claim for lost wages (see, Public Adm'r of Bronx County v Equitable Life Assur. Socy., 192 AD2d 325; Collins v New York City Health & Hosps. Corp., 201 AD2d 447 [decided herewith]), these items improperly require the injured plaintiff to give a legal conclusion (see, Taylor v Blair, 116 AD2d 204; Villa v New York City Hous. Auth., 107 AD2d 619). Similarly, item number 7, which requires the injured plaintiff to admit or deny that he was trespassing at the time of the accident, improperly calls for legal conclusion rather than a factual admission (see, Taylor v Blair, supra). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.