OPINION OF THE COURT
Lorraine S. Miller, J.
This court was asked to determine what role, if any, a plaintiff’s status as an illegal alien should play in a personal injury action where the plaintiff seeks to recover future lost earnings. Plaintiff, Klapa, is a Polish national who came to the *912 United States in March 1991. Since March 1992, he had been living and working here illegally. On April 13, 1992, plaintiff suffered a fractured nose, wrist and patella when he fell from a scaffold while removing asbestos at a construction site owned and operated by defendants. As part, of his claim for damages, plaintiff sought recovery for future lost earnings. Liability was previously determined in his favor on a motion for summary judgment. (See, Klapa v O & Y Liberty Plaza Co., 218 AD2d 635 [1st Dept 1995].)
Prior to his trial on the issue of damages, plaintiff moved for an order in limine to prevent defendants from mentioning or otherwise presenting any evidence to the jury regarding his status as an "illegal alien”. Plaintiff contended that his immigration status was irrelevant to the calculation of his claim for future lost wages and any mention of his status would be highly prejudicial to his entire claim. Defendants argued that New York law allows them to present evidence of plaintiff’s immigration status to the jury to consider in relation to his claim for future lost wages. Defendants further argued that based on this evidence the jury could determine that plaintiff was subject to deportation and therefore limit recovery for future lost wages to the Polish rate of pay.
In New York, an illegal alien may sue to recover damages for future lost earnings resulting from tortious injury. (See, Public Adm’r of Bronx County v Equitable Life Assur. Socy., 192 AD2d 325 [1st Dept 1993]; Collins v New York City Health & Hosps. Corp., 201 AD2d 447 [2d Dept 1994].) A defendant may rebut such a claim by presenting evidence that establishes a date of deportation or the inability of plaintiff to obtain future employment in the United States. (Supra.) In Public Adm’r (supra, at 325), the Court stated: "We agree that the plaintiff administrator should be permitted to offer evidence of any wages that his decedent, an alien working in the United States on an apparently illegal basis, might have earned * * * It is for the jury to weigh defense proof that decedent would have earned those wages, if at all, by illegal activity.” In Collins (supra, at 448), the Court held that a jury, in calculating future lost earnings, may consider the length of time an illegal alien might have continued to earn "wages in the United States * * * and the likelihood of his potential deportation”. However, New York courts have not addressed whether illegal alien status, absent other indicia establishing likelihood of deportation, would aid a jury in making such a determination.
While New York courts have not directly addressed this issue, other jurisdictions have. (Gonzalez v City of Franklin, 137 *913 Wis 2d 109, 403 NW2d 747 [Sup Ct 1987]; Clemente v State, 40 Cal 3d 202, 219 Cal Rptr 445, 707 P2d 818 [Sup Ct 1985]; Peterson v Neme, 222 Va 477, 281 SE2d 869 [Sup Ct 1981]; Melendres v Soales, 105 Mich App 73, 306 NW2d 399 [1981]; Hagl v Stern & Sons, 396 F Supp 779 [ED Pa 1975].) In Gonzalez (supra, at 139, at 759), the Wisconsin Supreme Court held that the trial court properly precluded evidence of plaintiff’s illegal alien status since "no offer of proof was made 'by * * * defendants] that deportation was anything other than a speculative or conjectural possibility.’ ” In Clemente v State, the Supreme Court of California upheld a trial court’s refusal to allow defendants to cross-examine plaintiffs wife regarding his status as an illegal alien. The court found that plaintiff had been "gainfully employed in this country prior to his * * * accidents, there was no evidence that he had any intention of leaving the country and the speculation that he might at some point be deported was so remote that it rendered the issue of citizenship irrelevant” to the calculation of damages. (Supra, at 221, at 829; see also, Hagl v Stern & Sons, supra [in which the court excluded evidence of alien status because no indication that a deportation proceeding had been started or was even contemplated].)
In reviewing these cases, it becomes apparent that a plaintiffs status as an illegal alien, in and of itself, cannot be used to rebut a claim for future lost earnings. (See, Clemente v State, supra; Gonzalez v City of Franklin, supra; Hagl v Stem & Sons, supra; Peterson v Neme, supra.) The fact that a plaintiff is deportable does not mean that deportation will actually occur. Further, whatever probative value illegal alien status may have is far outweighed by its prejudicial impact. (See, Gonzalez v City of Franklin, supra; Hagl v Stern & Sons, supra; Peterson v Neme, supra.) Therefore, in order to rebut such a claim defendants must be prepared to demonstrate something more than just the mere fact that the plaintiff resides in the United States illegally. Absent such a showing, a defendant will be precluded from presenting to the jury evidence which would indicate a plaintiffs immigration status.
In this case, defendants offered no evidence that deportation proceedings had begun or were contemplated. Thus, plaintiffs status as an illegal alien was irrelevant to his claim for future lost wages and any mention of it would have been highly prejudicial to his entire claim for damages. This is particularly true considering that plaintiff, in the five years he had been in the United States, obtained licenses from New York and New *914 Jersey to work as an asbestos handler and had worked steadily until the time of his accident. Since the accident he has continued to find work of a less strenuous nature. Furthermore, he has never secreted himself. He appeared for depositions and for his trial and even took an appeal to the First Department.
As such, there was no evidence indicating plaintiff would not live and work in the United States for the remainder of his life. Under these circumstances, the court would not allow the defendants to engage in prejudicial speculation which would have only served to color the jury’s deliberations. Accordingly, plaintiffs motion in limine was granted.