■ KULWANTH SINGH, Appellant, v DRESSWOOD MANAGEMENT CORP., Defendant and Third-Party Plaintiff-Respondent. VICKY & K CONSTRUCTION Co. et al., Third-Party Defendants. [676 NYS2d 639] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated October 31, 1997, as granted those branches of the defendant's motion which were to vacate its default in failing to oppose the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 and for leave to cross-move for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the defendant's motion which were to vacate its default in failing to oppose the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 and for leave to cross-move for summary judgment dismissing the complaint are denied.

The plaintiff, a copartner of the third-party defendant, Vicky & K Construction Co., was injured during the course of steam-cleaning the defendant's building when the scaffold on which he was standing collapsed. Initially, the Supreme Court granted the plaintiff's unopposed motion for summary judgment on the issue of liability under Labor Law §§ 240, 241.

Several months later, the defendant moved to vacate its default asserting that the plaintiff's fraudulent representations that the third-party defendant Vicky & K Construction Co. had workers' compensation coverage had not only lulled it into failing to oppose the motion but also acted as a complete bar to any recovery under the Labor Law (*see,* CPLR 5015 [a] [3]).

Contrary to the defendant's contentions, and under the circumstances presented, the plaintiff's allegedly improper conduct in misrepresenting that the third-party defendant Vicky & K Construction Co. had workers' compensation coverage does not constitute a bar to the instant action to recover damages for personal injuries based on violations of Labor Law §§ 240, 241 (*see, Mazur v Rock-McGraw, Inc.,* 246 AD2d 515; *Public Adm'r of Bronx County v Equitable Life Assur. Socy.,* 192 AD2d 325; *see also, Barker v Kallash,* 63 NY2d 19, 24-26; *Margolin v Friedman,* 43 NY2d 982, 983; *Torres v Hallen Constr. Corp.,* 226 AD2d 364).

The defendant's remaining contention is without merit. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.