■ Ruben Vasquez, Respondent, v Michael Sokolowski et al., Defendants, and Ericksen Contracting Corp., Appellant. (And a Third-Party Action.) [717 NYS2d 212] —In an action to re-

cover damages for personal injuries and violations of the Labor Law, the defendant Ericksen Contracting Corp. appeals from an order of the Supreme Court, Richmond County (Minardo, J.), entered February 9, 2000, which denied its motion pursuant to CPLR 3126 (3) to strike the complaint, or, in the alternative, to compel discovery.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to compel discovery and substituting therefor a provision granting that branch of·the motion; as so modified, the order is affirmed, with costs to the appellant.

The Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to strike the complaint (*see,* CPLR 3126 [3]; *Kingsley v Kantor,* 265 AD2d 529). Nevertheless, since the subject items in the appellant's demand for a bill of particulars and Item No. 2 of the notice of discovery and inspection dated December 7, 1999, are material and necessary to the defense of this action (*see,* CPLR 3101), the court should have granted that branch of the motion which was to compel discovery.

In its notice of discovery and inspection dated December 7, 1999, the appellant sought information regarding the plaintiff's status in this country under the immigration laws. This information is relevant with respect to the claim for lost wages (*see, Gomez v Long Is. R. R.,* 201 AD2d 455). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.