OPINION OF THE COURT
Joseph J. Maltese, J.
The defendant, Con Edison, moved to dismiss the plaintiffs negligence action based on the fact that he is an illegal immigrant. This court has denied that application.
On March 27, 2002 the United States Supreme Court held in Hoffman Plastic Compounds v National Labor Relations Bd. (535 US 137 [2002]) that workers who were illegal immigrants could not sue in the federal courts for lost wages after the National Labor Relations Board (NLRB) found that they were *667 wrongfully terminated, due to a federal statute. The defendant, Con Edison (Con Ed), seeks to expand that federal holding in Hoffman to bar all persons who are not legal residents from using the New York State court system to seek civil redress from alleged tortious conduct.
Con Ed has alleged that the defendant is an “illegal” immigrant. The plaintiff concedes that he is not a citizen and that he cannot produce a resident alien identification card (green card). However, the plaintiff has produced a Social Security number* and it appears that he has paid income taxes. The plaintiff appears to be a citizen of Costa Rica who has been in the United States for 20 years.
The plaintiff claims that he was injured when an electric meter, allegedly owned by Con Ed, exploded causing him third degree burns resulting in injuries which caused him to lose time from work. The plaintiff is not an employee of Con Edison, but received workers’ compensation as a result of the accident from his employer. The plaintiff asserts that Con Ed has failed to prove that he is in fact an “illegal” alien.
In Hoffman the NLRB had awarded back pay to an undocumented alien, who was not authorized to work in the United States whom they found to have been wrongfully terminated for union activities. The United States Court of Appeals for the District of Columbia (D.C.) Circuit denied the employer’s petition to set aside the award. However, the United States Supreme Court reversed the D.C. Circuit in a 5 to 4 decision. The Supreme Court held that the NLRB did not have the discretion to remedy the employer’s failure to check the employee’s status before he was hired as is required under 8 USC §§ 1101 et seq. and 1324a (a) (1). The Supreme Court stated that it would not allow the NLRB to award back pay to an illegal alien claimant for years of work, which the claimant did not perform during the period when he was terminated. Moreover, since the claimant was an illegal alien he could not have lawfully earned any income as he was not permitted to remain in the United States as an employee. This decision is clearly limited in scope.
Con Ed now seeks to expand the holding in Hoffman to dismiss the plaintiff’s complaint for tortious conduct because he is an “illegal alien.” It is contrary to the public policy of *668 New York State that a person who claims to be injured as a result of tortious conduct may be barred from pursuing that claim in the courts of this state based upon the resident status of the claimant. Defendants cannot negligently injure someone who is within this state legally or not, and then not be responsible to that injured person for the injuries sustained.
In Collins v New York City Health & Hosps. Corp. (151 Misc 2d 270 [Sup Ct, Queens County 1992]) the Queens County Supreme Court held that the family of an illegal alien could not recover any lost wages in a wrongful death action inasmuch as he was “illegally employed.” However, the Appellate Division reversed and held that the issue of the plaintiffs status, the length of time that he might have continued to earn wages in the United States, notwithstanding his illegal status and the potential for deportation, were all issues that a jury could use to determine lost wages (Collins v New York City Health & Hosps. Corp., 201 AD2d 447 [2d Dept 1994]).
In this case, the plaintiff is not a United States citizen, but is an alien. The New York Court of Appeals has commented about aliens stating: “[l]ike citizens, they contribute to our economy, serve in the Armed Forces and pay taxes * * * Nevertheless, aliens may not vote, which has historically inhibited their ability to protect their interests” (Matter of Aliessa v Novello, 96 NY2d 418, 431-432 [2001] [citations omitted]). Additionally, it is clear that in dealing with public benefits the federal government has allowed states to enact laws extending “any State or local public benefit” even to those aliens not lawfully present within the United States (8 USC § 1621 [d] [Medicaid]).
It is the province of the New York Legislature to rule on whether a class of people will be barred from the courts of this state. It is not the role of the trial judiciary to bar residents of this state from using the court system absent a statute to the contrary. This court will not bar plaintiff from using the court system simply because he cannot produce a resident alien card or such other documentation to prove that he is a legal resident of this state and country. Absent legislation manifesting the public policy of this state, the trial courts should not compel litigants to prove whether they are citizens of the United States or to produce proof that they are legally within this country before allowing a person to file a lawsuit. Enforcement of the immigration laws is the role of the Immigration and Naturalization Service formerly of the United States Department of Justice and now in the United States Department of Homeland Security.
*669 Additionally, in Mazur v Rock-McGraw (246 AD2d 515 [2d Dept 1998]) the Appellate Division, Second Department, clearly held that “neither the plaintiffs allegedly improper conduct in obtaining his employment nor his status as an illegal alien constitutes a bar to the maintenance of the instant suit for personal injuries based on asserted violations of Labor Law §§ 240, 241.” Likewise, the United States District Court in Mischalski v Ford Motor Co. (935 F Supp 203, 204 [1996]) held that “plaintiffs illegal alien status is not a bar to recovery in federal court.”
The law clearly states that while the plaintiffs status is not a bar to recovery it may act as a factual item to be presented to the trier of fact. However, some courts have held that not only may the illegal alien plaintiff bring a suit, but also that “a plaintiffs status as an illegal alien, in and of itself, cannot be used to rebut a claim for future lost earnings.” (Klapa v O&Y Liberty Plaza Co., 168 Misc 2d 911, 913 [1996].) To that end, the Supreme Court in New York County held that:
“The fact that a plaintiff is deportable does not mean that deportation will actually occur. Further, whatever probative value illegal alien status may have is far outweighed by its prejudicial impact * * * Therefore, in order to rebut such a claim defendants must be prepared to demonstrate something more than just the mere fact that the plaintiff resides in the United States illegally. Absent such a showing, a defendant will be precluded from presenting to the jury evidence which would indicate a plaintiffs immigration status.” (Klapa v O&Y Liberty Plaza Co., 168 Misc 2d 911, 913 [Sup Ct, NY County 1996].)
It is also interesting to note that every case citing Hoffman since it was rendered has either distinguished itself from it or has limited it greatly (Zeng Liu v Donna Karan Intl., Inc., 207 F Supp 2d 191 [SD NY 2002]; Cortez v Medina’s Landscaping, 2002 WL 31175471, 2002 US Dist LEXIS 18831 [ND Ill, Sept. 30, 2002]; Rodriguez v Texan, Inc., 2002 WL 31061237, 2002 US Dist LEXIS 17379 [ND Ill, Sept. 13, 2002]; Flores v Nissen, 213 F Supp 2d 871 [2002]; Mendoza v Zirkle Fruit Co., 301 F3d 1163 [9th Cir 2002]; Singh v Jutla & C.D. & R’s Oil, Inc., 214 F Supp 2d 1056 [ND Cal 2002]; Flores v Albertsons, Inc., 2002 WL 1163623, 2002 US Dist LEXIS 6171 [CD Cal, Apr. 9, 2002]).
Accordingly, the motion of the defendant, Con Ed, to dismiss the plaintiffs complaint based upon his undocumented alien *670 status is denied. The plaintiffs undocumented alien status may be presented to the jury on the issue of lost wages, but not on the issue of pain and suffering.

 The Social Security Administration allows aliens, even ones not authorized to work in the United States, to obtain a Social Security number for “valid non-work reasons.” (Form SS-5, Social Security Administration.)