OPINION OF THE COURT
Howard S. Miller, J.
Decision After Inquest
This matter came before the court, sitting as a small claims court, for inquest on September 22, 2003, after the defendant defaulted in appearance for trial. Plaintiff, an undocumented alien, has claimed against defendant, a landscaper, for $1,000 in unpaid wages on 10 days in the summer of 2003, at the rate of *263 $100 per day. After hearing the testimony of the plaintiff, the court finds that the wages for those days remain unpaid. The only question left to be resolved is whether the plaintiff s status as an undocumented alien prevents his recovery, in whole or in part.
The undersigned has previously held in a few small claims cases that a plaintiffs undocumented status tainted an employment contract with illegality, thereby preventing the court from enforcing it. After further consideration, the court modifies that view in part.
Prior to 2002, there was little doubt that the Fair Labor Standards Act (29 USC §§ 201-219 [FLSA]), and its New York equivalent (Labor Law §§ 650-665), would have required the defendant to pay at least minimum wage, regardless of the plaintiffs immigration status, and that failure to pay any wage was a failure to pay minimum wage. (Patel v Quality Inn S., 846 F2d 700 [11th Cir 1988].) In 2002, however, the United States Supreme Court made the issue somewhat more complicated.
In Hoffman Plastic Compounds, Inc. v National Labor Relations Bd. (535 US 137 [2002]), the Supreme Court ruled that an undocumented alien who remained in the United States was ineligible for an award of back pay under the National Labor Relations Act (NLRA) even though he had been laid off (in violation of the NLRA) for union organizing activity. In Sure-Tan, Inc. v National Labor Relations Bd. (467 US 883 [1984]), the Supreme Court had previously ruled that an undocumented alien who had left the country was ineligible for such an award. Hoffman revisited the issue in a different factual and legislative setting.
In extending the Sure-Tan rule to the case where the alien plaintiff had not yet left the country, the Supreme Court majority chose to look through a “wider lens” at the policies underlying the Immigration Reform and Control Act of 1986 (8 USC § 1324a [IRCA]), enacted two years after Sure-Tan. The Court took extensive notice of the fact that the alien, named Castro, had obtained his employment in the first place by presenting fraudulent documents, an activity that is unlawful under IRCA. The Court found that allowing recovery of back pay under the NLRA would “trivialize” IRCA, because the basis of Castro’s recovery, under Sure-Tan, could be only his continued residence in the United States, and that was made illegal under IRCA. Therefore, the Court found that IRCA overrode any competing considerations under the NLRA.
*264 Cases subsequent to Hoffman have gone both ways on whether it affected the prior rule of law in regard to the recovery of wages in contexts other than the NLRA. The New York Supreme Court, Richmond County, has ruled in Majlinger v Cassino Contr. Corp. (1 Misc 3d 659) that IRCA as interpreted by Hoffman prevents an undocumented alien from recovering lost wages in a personal injury lawsuit. (See also Cano v Mallory Mgt., 195 Misc 2d 666 [Sup Ct, Richmond County 2003].)
On the other hand, several Federal District Courts have ruled that a plaintiffs immigration status is irrelevant as a matter for discovery in a wage case, essentially because Hoffman is limited to resolving the conflict between IRCA and the NLRA in regard to back pay, and it does not address the previous rule of law regarding the supremacy of the FLSA in awarding earned wages. (See Flores v Amigon, 233 F Supp 2d 462 [ED NY 2002]; Zeng Liu v Donna Karan Intl., Inc., 207 F Supp 2d 191 [SD NY 2002]; Flores v Albertsons Inc., 2002 WL 1163623, 2002 US Dist LEXIS 6171 [CD Cal, Apr. 9, 2002, Matz, J.].)
Although the United States District Court cases have not squarely confronted the precise question presented by this case, the court agrees with their reasoning up to a point, and therefore allows the plaintiffs claim for unpaid wages to the extent required by FLSA. To the extent that the plaintiff seeks wages in excess of minimum wage, his claim is disallowed as being based on an employment contract tainted with illegality. As the United States Supreme Court noted in Hoffman, “it is impossible for an undocumented alien to obtain employment in the United States without some party directly contravening explicit congressional policies.” (535 US 137, 148 [2002].)
The court also notes in passing that, if there had been proof in this case that the plaintiff had obtained his employment by tendering false documents (activity that is explicitly unlawful under IRCA), Hoffman would require that the wage claim be disallowed in its entirety. Allowing recovery of wages pursuant to FLSA under those circumstances would “trivialize” IRCA to the same extent that the Supreme Court found unacceptable in Hoffman with regard to the NLRA. There being no such evidence of fraudulent documents, however, the plaintiffs claim is allowed to the extent of recovery of minimum wage for the days worked.