OPINION OF THE COURT
Memorandum.
Judgments unanimously reversed without costs, actions reinstated and matters remanded for a new trial.
Substantial justice was not done between the parties according to the rules and principles of substantive law (UDCA 1804, 1807) in these actions, tried jointly, for wages due. The court below erred in holding that an employment contract between an undocumented worker and employer cannot be enforced. Where, as here, an employee seeks to bring a wages and hours claim against an employer, the public policy of the State of New York and the federal government is that the interest in enforcing wages and hours laws on behalf of all workers is paramount. As the New York State Attorney General has stated:
“Federal courts have explained that the policies underlying IRCA [Immigration Reform and Control Act of 1986, 8 USC § 1324a] would be furthered, not undermined, by payment of wages earned but not paid to undocumented immigrants. As explained by the [federal] district court in Flores v. Amigon [233 F Supp 2d 462 (ED NY 2002)]:
“The policy issues addressed and implicated by the decision in Hoffman [Hoffman Plastic Compounds, Inc. v NLRB, 535 US 137 (2002)] do not apply with the same force as in a case such as this. Indeed, it is arguable that enforcing the FLSA’s [Fair Labor *3 Standards Act] provisions requiring employers to pay proper wages to undocumented aliens when the work has been performed actually furthers the goal of the IRCA, which requires the employer to discharge any worker upon discovery of the worker’s undocumented alien status ... If employers know that they will not only be subject to civil penalties . . . and criminal prosecution . . . when they hire illegal aliens, but they will also be required to pay them at the same rates as legal workers for work actually performed, there are virtually no incentives left for an employer to hire an undocumented alien in the first instance. 233 F. Supp. 2d at 464 . . . We believe that the same argument supports enforcement of New York’s wage payment laws on behalf of unauthorized aliens” (2003 Ops Atty Gen No. F 03-3).
To condone dismissal of actions for wages earned but not paid, regardless of the legal theory employed, on the ground that such labor contracts are “illegal,” would thus directly contravene the public policy of the State of New York and of the United States government.
It should be noted that in Hoffman Plastic Compounds, Inc. v NLRB (535 US 137 [2002]), the United States Supreme Court barred back pay awards pursuant to the National Labor Relations Act. However, courts construing Hoffman have consistently held that it has no effect on claims for wages earned but not paid (see e.g. Flores v Amigon, 233 F Supp 2d 462 [ED NY 2002]; Zeng Liu v Donna Karan Intl., Inc., 207 F Supp 2d 191 [SD NY 2002]).
Inasmuch as the court below summarily dismissed plaintiffs’ actions without receiving any evidence upon their claims, a new trial is necessary. We find unpersuasive the holding of Ulloa v Al’s All Tree Serv. (2 Misc 3d 262 [Nassau Dist Ct 2003]) that no award above minimum wage is permissible because of the “illegality” of the employment agreements involved, since there is no basis for any such limitation whether the theory of recovery is Labor Law § 198 or under common-law contract.
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.