John Hobart, Respondent,
against
Mildred Mendelson, Appellant. 




Mildred Mendelson, appellant pro se.
John Hobart, respondent pro se.

Appeal from a judgment of the Justice Court of the Town of Pound Ridge, Westchester County (Ira Clair, J.), entered October 22, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $840.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the sum of $840, constituting pay for services performed. At a nonjury trial, it was undisputed that Amo Restoration, LLC (Amo) was a business that defendant had formed, and that Amo's foreman, acting on behalf of Amo, had hired plaintiff to perform carpentry and miscellaneous yard work in furtherance of Amo's objectives. The foreman paid plaintiff's wages in cash for three weeks, followed by three payments by Amo's checks. The final check, for $840 for 42 hours of work, initially was dishonored because the account on which it was written was overdrawn. Defendant then stopped payment on the check to ensure that plaintiff would be unable to redeposit it when there were sufficient funds in the account. Defendant testified, and plaintiff confirmed, that after plaintiff had performed the work for which payment is sought in this action, defendant had requested that plaintiff supply her with his address and Social Security number, and plaintiff had refused to comply with defendant's request. Defendant justified her refusal to pay plaintiff based solely upon plaintiff's refusal to provide that information, and did not assert any other defense to plaintiff's claim. Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $840.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125, 126 [2000]). On appeal, defendant argues only that she is not required to pay plaintiff until he provides her with his address and Social Security number. For manual workers such as plaintiff, wages are generally required to be paid on a weekly basis (see Labor Law § 191 [1]). "[T]he public policy of the State of New York . . . is that the interest in enforcing wages and hours laws on behalf of all workers is paramount"(Garcia v Pasquareto, 11 Misc 3d 1, 2 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]), and workers are entitled to be paid for work that has already been performed without consideration of the documentation they have provided respecting their eligibility for employment (see Jara v Strong Steel Door, Inc., 58 AD3d 600, 602 [2009]; see also Pacheco v Chickpea at 14th Street Inc., _ F Supp 3d _, 2019 WL 2292571, *6 [SD NY 2019]; Flores v Amigon, 233 F Supp 2d 462 [ED NY 2002]). Plaintiff's refusal to provide his Social Security number or any other personal information to defendant was not a bar to his right to be paid for work he had already performed. Thus, the judgment, which awarded plaintiff the wages he had earned, rendered substantial justice between the parties (see UJCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020