EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

FIRST WIRELESS GROUP,
INC., Defendant.

No. 03–CV–4990 (JS)(ARL).

United States District Court,
E.D. New York.

Nov. 19, 2004.

Adela P. Santos, New York District Office, Equal Employment Opportunity Commission, New York City, for Plaintiff.

Delvis Melendez, Law Office of Delvis Melendez, Brentwood, NY, David S. Feather, Law Office of David S. Feather, Garden City, NY, for Intervenors.

John L. Juliano, Law Offices of John L. Juliano, East Northport, NY, Douglas H. Wigdor, Thomson Wigdor & Gilly, LLP, New York City, for Defendant.

### ORDER

SEYBERT, District Judge.

Currently pending before the Court is a motion by Defendant, First Wireless Group, Inc. ("First Wireless" or "Defendant"), pursuant to Rule 72 of the Federal Rules of Civil Procedure. The motion seeks to set aside a portion of Judge Arlene R. Lindsay's Order, dated June 15, 2004 ("June Order"), which denied the Defendant pre-trial access to the immigration status and tax returns of the aggrieved parties ("Charging Parties").[1]

Rule 72 provides in pertinent part that

> [a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

FED. R. CIV. P. 72(a). Pursuant to Rule 72(a), this Court may set aside a portion of Magistrate Judge Lindsay's June Order concerning a non-dispositive matter only if the order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed," and an order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse,* 161 F.Supp.2d 305, 320–21 (S.D.N.Y.2001). As relevant to the instant matter, discovery matters are generally considered non-dispositive and thus governed by Rule 72(a). *Weiss,* 161 F.Supp.2d at 320–21. "A magistrate judge's resolution of discovery disputes deserves substantial deference" and is overruled only if there is an abuse of discretion. *Id.; see also World Wrestling Fed'n Entm't, Inc. v. William Morris Agency, Inc.,* 204 F.R.D. 263, 264 (S.D.N.Y.2001); *Albin v. Cosmetics Plus, N.Y., Ltd.,* No. 97–CV–2670, 1999 WL 111928, at *3–4 (S.D.N.Y. March 3, 1999) (stating that, where a Magistrate Judge sets a discovery deadline in a scheduling order and denied the motion to extend said date, parties did not show that the Magistrate Judge abused his discretion or demonstrated that the decision was clearly erroneous).

Here, Magistrate Judge Lindsay granted Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") application for a protective order against discovery of the Charging Parties' immigration status and tax returns. Magistrate Judge Lindsay properly relied on *Rivera v. Nibco,* 364 F.3d 1057 (9th Cir.2004), and *Flores v.*

---

1. In this case, the Charging Parties are former Hispanic employees of First Wireless who the EEOC claims were paid less than similarly-situated Asian employees and who allegedly were retaliated against when they complained of the treatment.

*Amigon,* 233 F.Supp.2d 462 (E.D.N.Y.2002), in making her determination. As summarized by Magistrate Judge Lindsay, *Rivera* and *Flores* held that discovery of the Charging Parties' immigration status was impermissible because it "would constitute unacceptable burden on public interest due to [a] chilling effect," and "prejudice to plaintiff outweighs any potential relevance this information may have to the defense." In the present case, Magistrate Judge Lindsay agreed with the Plaintiff that the Court should bar discovery into the Charging Parties' immigration status based on the *"in terrorem* effect" of immigration status discovery.

The Defendant objects to the June Order, asserting that (1) it is entitled to the discovery of all relevant non-privileged information pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, and (2) that information regarding the Charging Parties' immigration status is relevant and essential to Defendant's defense pursuant to Rule 608(b) of the Federal Rules of Evidence. With regard to the second claim, the Defendant asserts that evidence of the Charging Parties' immigration status is relevant to their credibility and to their claim for damages.

After having reviewed the parties' arguments and the relevant law, this Court finds that nothing in the June Order can be construed as clearly erroneous or contrary to the law. Magistrate Judge Lindsay properly held that although tax returns are not privileged, in order to obtain disclosure the Defendant must satisfy the two-pronged test described by the Southern District of New York in *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985) ("first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.") Magistrate Judge Lindsay properly held that the Defendant failed to satisfy either of the prongs. Judge Lindsay stated that the Defendant did not argue that discovery of the tax returns was central to the subject matter of the instant litigation. In addition, the Defendant conceded that the tax returns were sought solely on the issue of the Charging Parties' credibility. Further-

more, the Defendant's assertion that the tax returns may contain fraudulent information was not supported by anything in the record. With regard to the second prong, Judge Lindsay allowed the Defendant to inquire at a deposition whether the Charging Parties filed tax returns and whether false statements were made, therefore providing the Defendant with an alternative source of satisfying their inquiry as to whether tax returns were filed.

 With regard to the Defendant's claim that Rule 608(b) of the Federal Rules of Evidence allowed disclosure of information relevant to the Charging Parties' credibility, Judge Lindsay properly held (1) that Rule 608(b) generally bars introduction of extrinsic evidence to impeach a witness's credibility; and (2) that admissibility of such information at trial is not a standard governing discovery. Therefore, Defendant's argument based on Rule 608(b) of the Federal Rules of Evidence was properly dismissed by the Judge Lindsay.

Furthermore, Judge Lindsay properly followed the law discussed in *Rivera.* In *Rivera,* the Ninth Circuit Court of Appeals held that "[a]fter a showing of good cause, the district court may issue any protective order 'which justice requires' to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense, including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera,* 364 F.3d at 1063 (quoting FED. R. CIV. P. 26(c)). In the present case, discovery of the Charging Parties' immigration status would cause them embarrassment and if their status is found to be illegal would subject them to criminal charges and, possibly, deportation. Therefore, if this Court does not suppress discovery into the Charging Parties' immigration status, it would significantly discourage employees from bringing actions against their employers who engage in discriminatory employment practices.

 Finally, the Defendant argues that Judge Lindsay's June Order was improperly based on the *in terrorem* effect that discovery into the immigration status would have on the Charging Parties. The Defendant submits that "it is not for the Courts to

decide or opine on what types of criminal misconduct should not be a subject of discovery because of a potential *in terrorem* effect. ... Any restriction based upon an *in terrorem* effect is for the legislature....* Although this Court agrees with Defendant's position regarding the proper role of the judicial and legislative branches of government, Judge Lindsay properly granted EEOC's protective order against Defendant's discovery of the Charging Parties' immigration status. As pointed out in *Rivera:*

> Regrettably, many employers turn a blind eye to immigration status during the hiring process; their aim is to assemble a workforce that is both cheap to employ and that minimizes their risk of being reported for violations of statutory rights. Therefore, employers have a perverse incentive to ignore immigration laws at the time of hiring but insist upon their enforcement when their employees complain.

*Id.* at 1072. This is exactly what the Defendant, in the instant case, seems to have done. There is no evidence in the record which shows that the Defendant had inquired into the Charging Parties' immigration status at the time of hiring and no evidence pointing to Defendant's lack of knowledge with respect to the Charging Parties' alleged illegal immigration status. Therefore, it was proper for Judge Lindsay to preclude the Defendant from discovery of the Charging Parties' immigration status because the Defendant cannot "ignore immigration laws at the time of hiring but insist upon their enforcement when [its] employees complain." *Id.*

The reasoning of the June Order is neither clearly erroneous nor contrary to law. This Court finds that Magistrate Judge Lindsay has not abused her discretion.

*CONCLUSION*

This Court finds that it was within the Magistrate Judge's discretion to order the Plaintiff's protection order. As such, the Rule 72 application to modify part of Magistrate Judge Lindsay's decision is hereby DENIED.

SO ORDERED.