**EEOC**

v.

**BICE OF CHICAGO**

No. 04 C 2708.

United States District Court, N.D. Illinois.

July 18, 2005.

Pamela Sue Moore–Gibbs, Aaron R. De-Camp, Diane Ilene Smason, John C. Hendrickson, Chicago, IL, for Equal Employment Opportunity Commission.

James V. Noonan, Patrick J. McCann, II, Noonan & Lieberman, Jeffrey Grant Brown, Jeffrey Grant Brown, P.C., Chicago, IL, for Bice of Chicago.

MANNING, District Judge.

As further stated in this order, the EEOC's motion for a protective order [25] is granted. Defendants' motion to compel [23] is granted in part and denied in part.

### STATEMENT

Before the Court is defendants' motion to compel deponent Uvaldo Padilla and all other deponents in this litigation to disclose their citizenship and country of birth; arrest and criminal history; activities, including before, during and after their employment with defendants; alias names used in employment; and to answer questions surrounding their use of such aliases. Also before us is EEOC's motion for entry of protective order barring all discovery relating to the charging parties' immigration status. These motions overlap considerably and therefore, we will consider them together.

■  The EEOC's motion for a protective order barring all discovery relating to the

charging parties' immigration status is granted. We find that the immigration status of the charging parties is not relevant to the claims or defenses in this case. These parties are not seeking front pay, back pay, lost wages or benefits. Moreover, we find good cause exists to enter this protective order because questions about immigration status are oppressive, they constitute a substantial burden on the parties and on the public interest and they would have a chilling effect on victims of employment discrimination from coming forward to assert discrimination claims. *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1065 (9th Cir.2004) (finding that the chilling effect on employees' ability to challenge workplace discrimination warranted a protective order precluding discovery into the immigration status of the employees which would only be potentially relevant). Defendants argue that the EEOC is trying to prevent them from verifying who the deponents are and that the deponents are actually the persons whom they purport to be. We disagree. Defendants can verify who the deponents are and that the deponents are actually the persons whom they purport to be without asking questions relating to the deponents' immigration status.

■ Defendants argue that the charging parties' credibility is directly relevant and therefore, they should be able to inquire about falsification of identity and immigration status. Again, we disagree. While specific instances of conduct can be used to attack a party's character for truthfulness, we still find that there is no need to inquire into a charging party's immigration status. Defendants can inquire about whether aliases or false names were used and whether a party falsified his or her identity in order to attack a deponent's credibility. However, there is no need to ask questions surrounding the use of aliases or questions surrounding the falsification of identity. If the point is to establish a party's propensity for dishonesty, that can be established by the mere fact that the party used a false name or falsified records to obtain employment. There is no need to delve into why the deponent engaged in such untruthful conduct.

■ Accordingly, the EEOC's motion for a protective order barring all discovery relating to the charging parties' immigration status is granted. While defendants can verify who the deponents are and can inquire about whether aliases or false names were used and whether a party falsified his or her identity, defendants cannot question the deponents about their immigration status (nor can they ask the specific questions referenced on pgs. 5–6 of the EEOC's motion).

With respect to defendants' motion to compel, the motion is granted in part and denied in part. The request for an order compelling deponent Uvaldo Padilla and all other deponents in this litigation to disclose their citizenship and country of birth; activities, including employment, before, during and after their employment with defendants; and to answer questions surrounding their use of such aliases is denied. As stated above, defendants can inquire about alias names used in employment. However, we will not compel the deponents to disclose their citizenship and country of birth or to answer questions surrounding their use of such aliases because that information is irrelevant and unnecessary to establish a party's propensity for dishonesty.

■ With respect to defendants' motion to compel all deponents in this litigation to disclose their arrest and criminal history, the motion is granted in part. Evidence of arrests and other prior misconduct are not admissible unless the bear on a witnesses truthfulness. *Newsome v. McCabe*, 2002 WL 548725, *10 (N.D.Ill.2002). Therefore, we find that defendants are only allowed to ask questions regarding arrests and convictions which would be admissible at trial for impeachment purposes.