**Monica AVILA–BLUM, Plaintiff,**

v.

**CASA DE CAMBIO DELGADO, INC., et al., Defendants.**

### No. 05 Civ. 6435.

United States District Court, S.D. New York.

May 16, 2006.

Ronald John Warfield, Warfield Group, LLP, New York City, for Plaintiff.

Janet Cohn Neschis, McLaughlin and Stern, LLP, New York City, Robert Neil Holtzman, Kramer, Levin, Naftalis & Frankel, LLP, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

By Order (the "Order") made on the record at a proceeding in this matter on March 23, 2006, Magistrate Judge Andrew Peck, to

whom this case was referred for pretrial supervision, granted plaintiff Monica Avila–Blum's ("Avila–Blum") request for a protective order barring defendants Casa de Cambio Delgado, Inc., Delgado Travel Agency, Inc., and Hector Delgado (collectively "Defendants") from inquiring during Avila–Blum's deposition into her immigration status. In this connection, Avila–Blum pointed to some related cases in this District involving actions by other plaintiffs against the same group of Defendants—in one of which Avila–Blum is a named plaintiff and member of a proposed class—where the court had issued protective orders barring similar inquiry by Defendants related to plaintiffs' immigration status, Social Security numbers and work authorizations. *See* Transcript of Proceedings, *Aguirra v. Casa de Cambio Delgado, Inc.*, No. 05 Civ. 6434(SAS) (S.D.N.Y. Feb. 8, 2006) (*"Aguirra"*) (bench ruling).

In opposing the protective order and seeking to distinguish the cases referred to above, Defendants assert that Avila–Blum's counsel had informed them that Avila–Blum may have falsified certain immigration and employment application documents and would oppose any effort by Defendants to explore this issue during discovery for the purposes of attacking Avila–Blum's credibility.

In his ruling, Magistrate Judge Peck sought to balance the concerns reflected in Federal Rule of Evidence 403 over the effect of highly prejudicial material on a jury, as well as the competing concerns reflected in Federal Rule of Civil Procedure 26, which allows discovery of all relevant non-privileged matters, but permits protective orders barring discovery where necessary to protect parties from "annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). He took into account the potential effect that permitting inquiry into a plaintiff's immigration status may have in discouraging illegal alien workers from litigating unlawful discrimination and other employment-related claims for fear that publicly disclosing their unlawful presence in this country would subject them to deportation proceedings, and found that this harm outweighed the relevance and probative value of such evidence for use to question credibility. Relying on the analysis of the Ninth Circuit in *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir.2004), Magistrate Judge Peck further found that the applicable test militated in favor of precluding discovery directly or indirectly into Avila–Blum's immigration status during the liability phase of the litigation, leaving open the prospect that the issue could be reopened at a later stage of the proceeding as appropriate in relation to damages.

Defendants filed timely objections to the Order. They argue that the Magistrate Judge erred in two respects. First, they challenge his application of the balancing test to bar discovery on the authority of *Rivera*, which Defendants maintain is distinguishable. Second, they object to the ruling insofar as it would permit inquiry into Avila–Blum's immigration status only during the damages phase of the litigation. On this point Defendants again take issue with the Magistrate Judge's reliance on *Rivera*, which they further contend is at odds with the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 148, 122 S.Ct. 1275, 152 L.Ed.2d 271 (2002).

Under Federal Rule of Civil Procedure 72(a), a district court may set aside any portion of a magistrate judge's non-dispositive order found to be clearly erroneous or contrary to law. *See* Fed.R.Civ.P. 72(a). Thus, a non-dispositive order of a magistrate judge to whom a particular matter has been referred for pretrial supervision is entitled to substantial deference and is subject to review under an abuse of discretion standard. *See Weiss v. La Suisse*, 161 F.Supp.2d 305, 320–21 (S.D.N.Y.2001). Upon examination of the entire record of this proceeding, the Court is persuaded that Magistrate Judge Peck's Order was not clearly erroneous or contrary to law, and thus did not constitute an abuse of discretion.

The Court shares the concerns animating the Order and the decisions of other courts that have balanced the imperatives of optimal discovery, the introduction of unduly prejudicial evidence at trial, and the chilling effect of inquiry into immigration status in connection

with evidence sought in discrimination and employment-related cases. While there can be little doubt about the highly prejudicial effect of such evidence at trial or its substantial social burden in other respects on the individual involved, the relevance and probative value of the discovery in addressing underlying claims that are the subject of this litigation are questionable at best, at least at the liability stage. For these reasons the Court concurs with the analysis of other courts that have examined these issues and concluded that such discovery should be barred. *See Aguirra,* 05 Civ. 6434, at 9; *Topo v. Dhir,* 210 F.R.D. 76, 78 (S.D.N.Y. 2002); *Liu v. Donna Karan Int'l, Inc.,* 207 F.Supp.2d 191, 193 (S.D.N.Y.2002); *see also Rivera,* 364 F.3d at 1074–75; *EEOC v. First Wireless Group, Inc.* 225 F.R.D. 404 (E.D.N.Y.2004).

Defendants represent that their purpose in the matter at hand is more limited: they seek the discovery regarding Avila–Blum's responses in employment-related documents as potential impeachment evidence. The Court has weighed this consideration and notes that the same argument was also raised and rejected in *Aguirra* in the context of defendants' questioning of the number of hours plaintiffs there reported to have worked. *See Aguirra,* 05 Civ. 6434, at 6. As Judge Scheindlin observed, a witness's credibility is always at issue and may be tested in a variety of ways without imposing an undue burden on a party. *See id.* Here, if Defendants possess any documentation supporting their assertion that Avila–Blum may have falsified employment records, or have a good faith basis substantiating such a belief, properly limited and narrowly tailored examination in deposition and at trial may be permissible without opening broader collateral issues pertaining to Avila–Blum's immigration status. *See EEOC v. Bice,* 229 F.R.D. 581, 583 (N.D.Ill.2005).

As to the contention that Magistrate Judge Peck wrongly permitted Defendants to inquire into Avila–Blum's immigration status only at the damages phase, the Court cannot conclude that Magistrate Judge Peck's ruling was clearly erroneous or contrary to law. While the issue of immigration status may be relevant to damages insofar as it may limit the availability of certain forms of damages, Defendants have pointed to nothing other than the issue of credibility during the liability phase to which this inquiry is relevant. As set forth above, that a party's credibility is at issue does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden on private enforcement of employment discrimination laws.

Although Defendants attempt to rely on *Hoffman Plastic* to argue that Plaintiff's immigration status is relevant to issues in the liability phase, Magistrate Judge Peck did not err in following the reasoning of *Rivera* and other courts in concluding that *Hoffman Plastic* was limited to actions brought by the NLRB to enforce the National Labor Relations Act. *See, e.g., Rivera,* 364 F.3d at 1067–69, 1073 (questioning whether *Hoffman's* prohibition of NLRB-authorized back pay awards prohibits district courts from awarding back pay under Title VII, and stating that even if it did, *Hoffman* still did not make immigration status relevant to determining Title VII violations); *Flores v. Amigon,* 233 F.Supp.2d 462, 464 (E.D.N.Y.2002) (holding that *Hoffman* did not preclude ban on discovery into plaintiff's immigration status in FLSA action); *Liu,* 207 F.Supp.2d at 192 (same).

### *ORDER*

For the reasons discussed above, the objections filed by defendants herein requesting the Court to set aside the order issued by Magistrate Judge Peck on the record of this action at the conference with the parties on March 23, 2006 granting plaintiff Monica Avila–Blum's request for a protective order are DENIED.

**SO ORDERED.**