**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5408-14T2

CAPITAL ONE BANK (USA), N.A.,

    Plaintiff,

v.

CARMEN ROMAN,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

BUDGET RENT-A-CAR SYSTEM, INC.
(improperly plead as
Budget Rent-A-Car Systems,
Inc.),

    Third-Party Defendant-
    Respondent.

_____

BUDGET RENT-A-CAR SYSTEM, INC.,
(improperly pled as Budget Rent-A-Car
Systems, Inc.),

    Fourth-Party Plaintiff,

v.

ISRAEL ROMAN,

    Fourth-Party Defendant.

_____

Argued January 18, 2017 — Decided June 28, 2017

Before Judges Koblitz, Rothstadt and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1516-10.

Joseph M. Pinto argued the cause for appellant (Polino and Pinto, P.C., attorneys; Mr. Pinto, on the briefs).

Gregg A. Ilardi argued the cause for respondent (Harwood Lloyd, LLC, attorneys; Mr. Ilardi, of counsel and on the brief).

PER CURIAM

This dispute arose from defendant/third-party plaintiff Carmen Roman's rental of a vehicle from third-party defendant/fourth-party plaintiff Budget Rent-A-Car System, Inc. (BRAC), which was damaged during the rental's term.[1] Roman appeals from the Law Division's final judgment dismissing with prejudice her third-party complaint against BRAC. Judge Philip C. Carchman

---

[1] Plaintiff Capital One Bank (Capital One) originally brought this action against Roman seeking payment of an unpaid credit card balance in the amount of $17,371.79. Roman filed an answer, counterclaim, and third-party complaint against BRAC for alleged violations of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20. BRAC filed an answer and counterclaim against Roman — alleging she breached her duty and obligation under the rental agreement by failing to make payments for the damaged vehicle — and filed a fourth-party complaint against Israel Roman (Israel), Roman's brother. In May 2012, Roman settled with Capital One Bank when it agreed to pay her $2500 and forgive her then unpaid credit card balance.

entered the judgment after he completed the bench trial that was required by our earlier decision, in which we reversed and remanded a different judge's involuntary dismissal of Roman's pleading at the end of her case pursuant to Rule 4:37-2(b). See Capital One Bank v. Roman, No. A-6382-11 (App. Div. July 16, 2013) (slip op. at 5-7). Judge Carchman dismissed the third-party complaint based on his finding that Roman's testimony was incredible as it was "belied by written documents which show[ed] a contrary story," as well as by her inconsistent testimony. The judge concluded she failed to sustain her burden of proof.

On appeal, Roman contends that the judge's findings and conclusions were not supported by "sufficient credible evidence." She argues that she could not have been liable for damage to the rental vehicle because Israel was driving the vehicle when the damage occurred. Roman claims she proved BRAC "committed an unconscionable commercial practice in violation of the [CFA]" when it charged her credit cards for the damage "without her authorization." We disagree and affirm.

Roman was the only witness to testify at trial. We summarized her testimony in our earlier opinion as follows:

> Roman traveled to Puerto Rico on July 8, 2006. Upon arrival, she rented a car from a BRAC franchise, Budget Aguadilla, at the airport in Aguadilla, Puerto Rico. On July 14, 2006, Roman allowed her brother [Israel] to drive

the rental car, even though he was not an authorized driver under the rental agreement. While driving, he had an accident which caused significant damage to the vehicle. Israel did not have auto insurance, and Roman's own auto insurer would not pay for the damage because she was not driving the car when the accident occurred. On the rental agreement, the box declining insurance was checked.

Following the accident, at Budget Aguadilla's direction, Roman obtained an estimate for the cost to repair the damage. Roman arranged for the return of the damaged vehicle to Budget Aguadilla, and rented a vehicle from another car rental agency for the remainder of her trip. Budget Aguadilla thereafter sought reimbursement for the damage to its vehicle, and Roman agreed, in numerous letters introduced into evidence, to pay for the damage.

Budget Aguadilla proceeded to charge over $1,300 on a Commerce Bank card Roman had provided, and then charged almost $12,000 on Roman's Capital One . . . credit card for the balance of the damage to the rental vehicle. Roman worked out an agreement with Capital One to pay $200 per month and paid this amount for over two years, until she could no longer afford the payments.

. . . .

At trial, Roman testified that she initially provided the clerk at Budget Aguadilla with her Capital One credit card; however, this card was not accepted, as Roman's credit limit on the card was only $500. At that point, Roman gave the clerk her Commerce Bank card, which had a higher credit limit and was accepted. Roman testified that she did not read the rental agreement because she was rushed by the clerk, as there was a line of people behind her. Roman stated that she had

4

not authorized Budget Aguadilla to charge her credit card and claimed that she had not admitted liability by paying $200 per month for over two years, but made the payments to keep her credit from being "completely ruined."

[Capital One, supra, slip op. at 1-3.]

In our earlier decision, we directed the trial judge to "conclude the trial." Id. at 7. On remand, the trial continued before Judge Carchman after the original judge recused himself.

At the trial, BRAC rested without calling witnesses, relying only upon documents that were admitted into evidence during the trial. The judge reserved making a decision until he reviewed all of the evidence, including the transcript of Roman's testimony.

Judge Carchman dismissed Roman's third-party complaint on July 15, 2015, placing his reasons on the record on the same date in a comprehensive oral decision that spanned thirty-two transcript pages. In his decision, the judge noted that while he did not have an opportunity to observe Roman's testimony live and that his credibility findings were "essential to the disposition of the issues raised," he found that "the credibility issues could be resolved easily, given the record that had been created by both parties during the litigation of this matter." He explained in detail how Roman's testimony was inconsistent and contradicted by various documents discussed during her testimony and found her

testimony to be incredible. He concluded Roman was not credible due to the contradictions between her oral testimony and documents in the record. As to Roman's consumer fraud claim, he stated that "[w]hatever claims she had for the unauthorized use of the credit card, and it's really the unauthorized extension of credit by [Capital One], have been resolved by [Capital One]. [Capital One], in fact, forgave an outstanding debt of $17,000 and actually paid [Roman] money." The judge found, "more importantly[,]" Roman has not "sustained her burden of establishing by a preponderance of the evidence that not only is there [a] violation of the consumer fraud act, but that her rendition of the facts as to what transpired is accurate." The judge then described the various inaccuracies in Roman's testimony that were contradicted by the documents he considered. Judge Carchman entered an order for judgment and this appeal followed.

Our standard of review of factual findings "premised on the testimony of witnesses and written evidence at a bench trial" is a deferential one. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013).

> Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review: "we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the

> competent, relevant and reasonably credible evidence as to offend the interests of justice[.]"
>
> [Ibid. (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original).]

"To the extent that the trial court's decision constitutes a legal determination, we review it de novo."  Ibid.

Roman argues Judge Carchman's credibility findings cannot be sustained because he "did not have the opportunity to see and hear Roman, the only witness in the case."  She also contends he erred by finding BRAC could hold her liable for damage to the rental vehicle because at the time of the accident it was being driven by an unauthorized driver, who, she claims, did not cause the accident.  Further, she contends BRAC never established there was any money owed by Roman to it for the damaged vehicle or that she authorized the amount to be charged to her credit card.  As a result, she avers, BRAC committed an unconscionable commercial practice by charging her credit cards.  Also, she asserts the judge improperly relied upon Roman's settlement with Capital One in determining that she had no loss.  Finally, Roman challenges the judge's finding that her testimony was contradicted by various documents.

Applying our limited standard of review, we find Roman's arguments to be without sufficient merit to warrant discussion in

a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Carchman in his thorough oral decision. We simply note that his credibility findings were consistent with the fact that "a witness's credibility is always at issue and may be tested in a variety of ways," <u>Serrano v. Underground Utils. Corp.</u>, 407 <u>N.J. Super.</u> 253, 280 (App. Div. 2009) (quoting <u>Avila-Blum v. Casa De Cambio Delgado, Inc.</u>, 236 <u>F.R.D.</u> 190, 192 (S.D.N.Y. 2006)) (addressing discovery demands relating to a party's immigration status), so the fact that the judge did not rely on first-hand observation of Roman as a witness in support of his credibility findings was of no moment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5408-14T2