Linda ARIZA, et al., Plaintiffs,

v.

U.S. WEST COMMUNICATIONS, INC., U.S. West Service Link, Inc., Mountain Bell Service Link, Inc., U.S. West, Inc., and Robert Harlan, Defendants.

No. 95–K–1981.

United States District Court, D. Colorado.

May 14, 1996.

Jeffrey D. Easley, Lakewood, CO, for Plaintiffs.

Theodore A. Olsen, Sherman & Howard, Denver, CO, Colleen M. Rae, Law Dept. U.S. West, Inc., Denver, CO, Kenneth E. Peck, Bette K. Bushell, Denver, CO, for Defendants.

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S RULING

KANE, Senior District Judge.

Before me is Defendants' US West Communications, Inc., US West Service Link, Inc., Mountain Bell Service Link, Inc., and U S West, Inc. (collectively "US West") Appeal[1] of Magistrate Judge Bruce D. Pringle's ruling of March 13, 1996 in which he denied US West's March 5, 1996 Motion for Reconsideration of his oral ruling during the deposition of Plaintiff Tracie Schoenberger on February 20, 1996.

During that deposition, US West's counsel asked Schoenberger about a non-profit corporation called "Help Us Stop Harassment in the Workplace" ("HUSH"). Schoenberger's counsel at the deposition, Jeffrey D. Easley,[2] lodged a relevancy objection and instructed his client not to answer the questions on the grounds that HUSH and Schoenberger's involvement with HUSH were irrelevant.

Because of the objection and instruction, US West's attorney contacted Magistrate Judge Pringle by telephone during the deposition. The magistrate judge ruled as follows:

I'll permit the defendant to ask some general questions about the nature of the entity and how it operates. I'm not going to permit any questioning regarding the finances of the entity at this point, because I don't think they're material at all in any respect to the merits of the case.

If they do become material to the issue of attorneys' [sic] fees, then we may—we may have to change that and allow the defendant to inquire at that time. But right now, there are no attorney fees that have been awarded or any orders, findings that the plaintiffs are entitled to attorney fees, so I think we can cross that bridge when we do. I'll let you ask general questions

regarding the nature of the entity, whether it holds meetings, what the purpose of the entity is, those types of things.

(Appeal of Mag. J.'s Ruling, Ex. A., Tr. Depo. Schoenberger at 471:2–17.)

The parties' arguments raised at the deposition resulting in this ruling are not stated in US West's motion, nor is that portion of the deposition transcript included as in any attachment to the briefs.

Before the February 20, 1996 ruling, US West had served a second set of interrogatories and request for production of documents, dated January 25, 1996, requesting, *inter alia*, information regarding the corporate structure of HUSH, its finances, and whether it had made any payment to Jeffrey D. Easley, counsel for some of the Plaintiffs. Plaintiffs, represented by Easley, objected to these discovery requests on the grounds, *inter alia*, that not all Plaintiffs had information about or were involved with HUSH, the interrogatories were not intended to lead to the discovery of admissible evidence and exceeded the scope of discovery with regard to HUSH's financial situation.

In its appeal of the magistrate judge's order denying its motion for reconsideration of his ruling, US West asserts details regarding HUSH, Plaintiffs' participation therein and HUSH's involvement with these lawsuits are relevant and discoverable. It urges me to find the magistrate judge's ruling limiting inquiry regarding HUSH was clearly erroneous.

In addition, U.S. West requests me to compel Plaintiffs to respond to its second set of interrogatories and requests for production of documents consistent with this ruling. It maintains HUSH, its operations, Plaintiffs' participation therein, and the organization's involvement in this lawsuit are becoming increasingly important because (1) US West anticipates Plaintiffs will attempt to use their

1. Although termed an appeal, the motion is in effect an objection under Fed.R.Civ.P. 72(a) to the magistrate judge's ruling on a non-dispositive motion, the motion to reconsider his earlier oral ruling.

2. Six days after US West filed its motion for reconsideration, Easley filed a motion to with-

draw as counsel which I denied for lack of specificity. On March 13, 1996, new counsel entered an appearance on behalf of Schoenberger. On May 9, 1996, Easley filed a list of sixteen Plaintiffs currently represented by the law firm of Jeffrey D. Easley, P.C.

positions and activities in HUSH to bolster their credibility at trial and their involvement in HUSH will reflect on their credibility; (2) there are indications that the true purpose of HUSH is to solicit clients for Mr. Easley whom, US West maintains, is intimately involved with HUSH; (3) US West should be permitted to determine whether non-privileged communications regarding these lawsuits have occurred at HUSH meetings and whether the attorney-client privilege has been waived; (4) the operations of HUSH relate to Plaintiffs' damages claims and may impeach the Plaintiffs' damages-related testimony and impeach certain Plaintiffs regarding job search efforts; and (5) US West should be allowed to determine whether grants for which HUSH has applied are being used to pay for attorney fees or to otherwise fund this litigation.

US West requests me (1) to reverse the magistrate judge's ruling and permit it to depose Plaintiff Schoenberger and other Plaintiffs about HUSH, HUSH's operations, the Plaintiffs' respective participation in HUSH and HUSH's participation in these lawsuits and (2) to compel Plaintiffs to respond to its second set of interrogatories and requests for production of documents.

Those Plaintiffs presently represented by Jeffrey Easley assert US West failed to confer with their counsel regarding their response to the second set of interrogatories and requests for production of documents, minimally conferred with regard to its motion for reconsideration and did not confer regarding its appeal, thus failing to comply with Fed.R.Civ.P. 37(a)(2)(B) or D.C.Colo. L.R. 7.1(A).

Further, these Plaintiffs maintain neither Easley nor they have current information regarding HUSH and that, although Easley prepared the Articles of Incorporation for HUSH and was, at one time the registered agent or a corporate director he has not been so for months. They maintain the discovery sought is not relevant to the subject matter involved in the pending action, involving Plaintiffs' claims for sexual harassment and discrimination related to Robert Harlan and that US West fails to explain their relevance.

Plaintiffs attach to their response an affidavit of Pamela Irene Duncan, secretary of HUSH, confirming Easley's limited role in HUSH, stating that he was a director for HUSH from July 29, 1995 to March 1996, and that HUSH has not at any time referred anyone to Easley as a potential client. Duncan asserts HUSH has compiled a list of attorneys who advertize themselves in the Yellow Pages as handling sexual harassment cases. Easley is not on the list.

In reply, US West denies it did not confer or attempt to confer with Plaintiffs' counsel regarding the written discovery requests and the motion for reconsideration. It maintains it did not believe a motion to appeal from a magistrate judge's order required an additional conference with opposing counsel and that such conference would have been an act of futility. This conclusion is right, but the reason is wrong. Local Rule 7.1(A) does not apply because there is no such thing as a "motion to appeal." I indulge US West in this regard and review the magistrate judge's ruling.

### Discussion.

■ Plaintiffs object to the magistrate judge's ruling on a motion for reconsideration of an earlier oral ruling during the deposition of Plaintiff Schoenberger. Under Fed. R.Civ.P. 72(a), where objection has been made to an order of a magistrate judge on a non-dispositive motion, a district judge can modify or set aside any portion of that order found to be clearly erroneous or contrary to law.

Under this standard, I affirm the decision unless " 'on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed.' " *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541-42, 92 L.Ed. 746 (1948)). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if his discretion is abused." *Comeau v. Rupp*, 142 F.R.D. 683, 684-85 (D.Kan.1992).

■ I have not been furnished with the facts and arguments which the parties placed before Magistrate Judge Pringle before he

made his ruling during the deposition. Based on what is before me, however, I am not left with the definite conviction that the magistrate judge was mistaken in allowing "general questions about the nature of [HUSH] and how it operates" but disallowing "any questioning regarding the finances of [HUSH] at this point, because I don't think they're material at all in any respect to the merits of the case." Nor am I persuaded that he abused his discretion in denying the motion for reconsideration. Stated differently, the ruling does not " 'strike [me] as wrong with the force of a five-week-old, unrefrigerated dead fish.' " *See National Excess Ins. Co. v. Civerolo*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir.1988, *cert. denied*, 493 U.S. 847, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989)). I therefore deny the objections to the ruling.

With regard to the motion to compel responses to US West's second set of interrogatories and requests for production, that motion is not properly before me and should be addressed to the magistrate judge in light of my order of reference of the case to him for ruling on non-dispositive motions. Accordingly,

IT IS ORDERED THAT Defendants' Appeal of Magistrate Judge's Ruling is DENIED and the March 13, 1996 order of Magistrate Judge Bruce D. Pringle is AFFIRMED.