ZENG LIU, Miao Chen, Feng Jiang, Hong Huang and Xiao Li, Individually, and on behalf of all others Similarly Situated and as Class Representatives, Plaintiffs,

v.

DONNA KARAN INTERNATIONAL, INC., d.b.a. the Donna Karan Company a.k.a. DKNY, Jen Chu Fashion Corp., Wong Chai Sportswear, Inc., Y & C Mfg. Inc., Calvin Chen, Winnie Young Chen, Jen Jen of New York Inc., and H.L.S. Fashion Corp., Defendants.

No. 00 CIV. 4221 WK.

United States District Court,
S.D. New York.

June 11, 2002.

---

---

Kenneth Kimmerling, Stanley Marc, New York City, Adam T. Klein, Scott Moss, Outten & Golden, New York City, for Plaintiffs.

Bettina B. Plevin, Proskauer Rose LLP, New York City, for Defendant Donna Karan International, Inc.

Chi–Yuan Hwang, Flushing, NY, J. John Courtney, Flushing, NY, for All Other Defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, Senior District Judge.

We are in receipt of defendant Donna Karan International, Inc.'s ("Donna Karan") letter dated May 24, 2002 requesting discovery relating to plaintiffs' immigration status and plaintiffs' letter dated May 30, 2002 in opposition. After considering these letters in conjunction with the applicable case law we deny Donna Karan's request for such discovery at this time.

It is not clear to us that the new Supreme Court case, *Hoffman Plastic Compounds, Inc. v. NLRB* (2002) — U.S. ——, 122 S.Ct. 1275, 152 L.Ed.2d 271, holding that an award of back pay to an illegal alien for years of work "not performed" would be contrary to the policies underlying the Immigration Reform and Control Act of 1986, upon which Donna Karan relies in making this discovery request, applies to the case currently before us. Courts have distinguished between awards of post-termination back pay for work not actually performed and awards of unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). *See Del Rey Tortilleria, Inc. v. NLRB* (7th Cir.1992) 976 F.2d 1115, 1122 n. 7 (distinguishing its decision that undocumented workers could not receive back pay for unperformed labor with the holding in *Patel v. Quality Inn South* (11th Cir.1988) 846 F.2d 700 that undocumented workers were entitled to maintain an action for unpaid wages and damages under the FLSA). In fact, courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable. *See In re Reyes* (5th Cir.1987) 814 F.2d 168 (granting mandamus overturning district court decision which allowed inquiry into documentation of alien petitioners for purposes of determining coverage under the FLSA); *Flores v. Albertsons, Inc.,* No. CV 01–00515 AHM (SHX), 2002 WL 1163623 (C.D.Cal. April 9, 2002) (examining *Hoffman Plastics* and finding its holding does not support discovery of plaintiffs' immigration status); *Ansoumana v. Gristede's Oper. Corp.,* 201 F.R.D. 81 (S.D.N.Y.2000) (unpub. order; hearing tr.) (granting plaintiffs' motion disallowing deposition questions as to plaintiffs' immigration status).

Furthermore, even if such discovery were relevant, and at this juncture it ap-

pears not to be, the risk of injury to the plaintiffs if such information were disclosed outweighs the need for its disclosure.[1] *Flores*, 2002 WL 1163623 at *6 (citing *Flynn v. Goldman, Sachs & Co.*, No. 91 Civ. 0035(KMW), 1993 WL 362380 (S.D.N.Y. Sept.16, 1993)). Even if the parties were to enter into a confidentiality agreement restricting the disclosure of such discovery, as Donna Karan suggests, there would still remain "the danger of intimidation, the danger of destroying the cause of action" and would inhibit plaintiffs in pursuing their rights. *Ansoumana v. Gristede's Oper. Corp.*, No. 00 Civ. 0253(AKH) (S.D.N.Y. Nov. 8, 2000) (hearing tr. at 12); *see also In re Reyes*, 814 F.2d at 170.

For the aforementioned reasons we deny Donna Karan's request to discover plaintiffs' immigration status at this time. If it appears at some later juncture that such discovery would be relevant, and more relevant than harmful, Donna Karan may seek leave to renew this request.

1.   This includes Donna Karan's desire to "preserve a factual record on this issue" in order to "permit appellate review."