OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
Substantial justice was done between the parties in this small claims action for wages due (UJCA 1804, 1807). In rendering judgment for plaintiff, the court below credited plaintiff’s testimony that defendant had withheld payment from him for *6 work he had already performed. It is well settled that issues of credibility are for the trier of fact who saw and heard the witnesses and the determination thereof will not be disturbed on appeal if supported, as here, by a fair interpretation of the evidence (see e.g. Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Defendant’s arguments that the court employed improper procedures and was prejudiced against him were either unpreserved or are not supported by the record.
We note that while defendant alleged that plaintiff was not entitled to payment on the ground that plaintiff could not produce work authorization documentation, defendant never ordered plaintiff to stop work on this ground. While back pay awards to undocumented workers for periods of unemployment following, e.g., wrongful termination for union activity, are barred by federal immigration law (see e.g. Hoffman Plastic Compounds v National Labor Relations Bd., 535 US 137, 149 [2002]), the award in the present case properly represents payment due and owing for work actually performed (see e.g. Flores v Amigon, 233 F Supp 2d 462 [ED NY 2002]; Zeng Liu v Donna Karan Inti., 207 F Supp 2d 191 [SD NY 2002]).
McCabe, EJ., Covello and Tanenbaum, JJ., concur.