**Giovanni MONTOYA, et al.**

v.

**S.C.C.P. PAINTING CONTRACTORS, INC., et al.**

**Civil No. CCB–07–455.**

United States District Court, D. Maryland.

Jan. 14, 2008.

Anne Elizabeth Langford, David J. Cynamon, Pillsbury Winthrop Shaw Pittman LLP, Laura Elena Varela, Susan E. Huhta, Washington Lawyers Committee for Civil Rights and Urban Affairs, Washington, DC, for Plaintiff.

G. Randall Whittenberger, Miles and Stockbridge, Frederick, MD, for Defendant.

### MEMORANDUM OPINION

SUSAN K. GAUVEY, United States Magistrate Judge.

Plaintiffs bring this action alleging that defendant S.C.C.P. Painting Contractors, Inc. ("SCCP") failed to pay wages for all work performed, failed to pay wages for work directed to be performed but not accounted for on timesheets, failed to pay time and a half for hours worked greater than 40 hours, and deducted wages from paychecks, purportedly for tax withholding purposes but not in fact withheld for that purpose. Plaintiffs allege that these actions violate federal and state labor laws, breach oral employment contracts, and result in unjust enrichment to defendant. Plaintiffs filed this action as a putative class under Rule 23(a) and (b)(3) and as a collective action under 29 U.S.C. § 216(b). The trial judge assigned all discovery disputes and related scheduling to the undersigned. Discovery is currently limited to

issues of class certification. (Paper No. 17.)

Pending before the Court are plaintiffs' motion to compel discovery from defendant (Paper No. 18) and SCCP's motion to compel discovery (Paper No. 21.) A telephone hearing was held on October 25, 2007.

The Court shall discuss each motion in turn.

### Plaintiffs' Motion to Compel Discovery from Defendant

■ By the time of the hearing, the parties had resolved their dispute as to all outstanding discovery except for Request No. 4—"All bank records, including (but not limited to) copies of checks, for the period spanning February 21, 2004 to the present, reflecting wages paid to any employees." Plaintiffs agreed to limit the discovery to a putative class of manual laborers, whether salaried or unsalaried. Additionally, plaintiffs agreed that the names of the laborers could be redacted at this time. The Court finds the information on bank checks, including stubs to be relevant to the issues of numerosity and commonality, especially in light of the absence of other business records. (At the hearing, plaintiffs' counsel reported that defense counsel had just advised them that SCCP did not have any payroll records, no information submitted to tax authorities, no tax sheets or sign-in sheets, no personnel files and no documents showing the rates of pay for any person.) Given the redaction of names (or other identification information) there appears to be no need for a protective order. Accordingly, the Court GRANTS the motion and the defendant shall produce such documents by Monday, January 7, 2008.

### SCCP's Motion to Compel

By the time of the hearing, the parties had resolved their dispute as to all out-standing discovery, except for interrogatory nos. 1, 5, 6, 7, 9, 11, 12 and 14.

Interrogatory No. 1 seeks the identification of all persons with discoverable information supporting plaintiffs' case and the subject matter of that person's knowledge. Plaintiffs answered, identifying plaintiffs, putative class members and other individuals, but did not give any addresses or telephone numbers. Plaintiffs argue that any contact with plaintiffs must be through counsel and further under federal case law, defendant should be barred from any contact with putative class members.

In the hearing defense counsel agreed that during this time period there should be no direct contact with putative class members. Indeed, courts have limited contact of defense counsel with perspective plaintiffs in FLSA actions to protect the rights of undocumented workers. *Parks v. Eastwood Ins. Servs., Inc.,* 235 F.Supp.2d 1082, 1085 (S.D.Cal.2002); *see also Galaviz–Zamora v. Brady Farms, Inc.,* 230 F.R.D. 499 (W.D.Mich.2005); *Flores v. Amigon,* 233 F.Supp.2d 462 (E.D.N.Y. 2002); *Zeng Liu v. Donna Karan Int'l, Inc.* 207 F.Supp.2d 191 (S.D.N.Y.2002); *Cabrera v. Ekema,* 265 Mich.App. 402, 695 N.W.2d 78, 81–83 (2005).

However, defense counsel states that defendant needs this identifying information to determine whether or not there are common issues of fact or questions of law, whether these individuals actually worked for the defendant, and to investigate the individuals to determine adequacy of the representation by named plaintiffs. Specifically, defendant has suggested that the plaintiffs may be illegal aliens and violating federal laws, making them inadequate representatives. "[I]f hypothetically the named plaintiffs are illegal aliens and violating federal laws, they certainly could not at the same time argue they possess the

'integrity' so important to representation of a lawful class." (Paper No. 32, 2.)

### Interrogatory No. 5

Interrogatory No. 5 seeks the full name, address, social security number and driver's license number of named plaintiffs. Plaintiffs objected as irrelevant to class certification issues and further stated that "federal courts in wage and hour actions have routinely denied discovery of, among other things, plaintiffs' social security numbers, federal, state or local tax returns; federal, state or local W–2s or 1099 forms; and any information evidencing workers' national origin."

### Interrogatory No. 6

Interrogatory No. 6 asks for the same identifying information as to every individual who plaintiffs believe is a class member. While plaintiffs gave names, they did not provide addresses, social security numbers, and driver's license numbers of named plaintiffs. Plaintiffs objected as irrelevant to class certification issues and further stated that "federal courts in wage and hour actions have routinely denied discovery of, among other things, plaintiffs' social security numbers, federal, state or local tax returns; federal, state or local W–2s or 1099 forms; and any information evidencing workers' national origin."

### Interrogatory No. 12

Interrogatory No. 12 asks for all individuals who plaintiffs claim should be class members with names, addresses, social security numbers, driver's license numbers, and provide specific facts indicating why each should be a class member.

As interrogatory nos. 1, 5, 6 and 12 all ask for extensive identification information of named plaintiffs, potential class members, and witnesses, they will be discussed together.

As the plaintiffs stated (Paper No. 24, 8) and defendants conceded in the hearing, the protections of the Fair Labor Standards Act are available to citizens and aliens alike, regardless of documented or undocumented status. *In re Reyes,* 814 F.2d 168, 170 (5th Cir.1987), *cert. denied,* 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988); *Patel v. Quality Inn South,* 846 F.2d 700, 706 (11th Cir.1988). Because of the remedial nature of the statute and its reach to all workers, federal courts have rejected defense demands for information about plaintiffs, including addresses, social security numbers, and immigration status. "Even if the parties were to enter into a confidentiality agreement restricting the disclosure of such discovery [on immigration status] ... there would still remain 'the danger of intimidation, the danger of destroying the cause of action' and would inhibit plaintiffs in pursuing their rights." *Zeng Liu,* 207 F.Supp.2d at 193, (quoting *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y. 2001)). While courts guarantee necessary discovery to allow a vigorous defense, courts are reluctant to order production of personal information disclosure of which might be seen as innocuous in an ordinary case, but threatening where immigration status is unclear.

Accordingly, several courts have determined that requests that seek to discover the immigration status of plaintiffs are both irrelevant and prejudicial. These courts have denied defendants' requests to discover the addresses, social security numbers, and driver's license numbers of named plaintiffs and putative class members. In *Flores,* the court issued a protective order preventing defendant's discovery of the plaintiff's immigration documents, social security numbers, and passports in a suit seeking unpaid wages under the FLSA. 233 F.Supp.2d at 462, 465. The court concluded that the information was irrele-

vant and its minimal probative value outweighed by its potential for prejudice. *Id.* at 464–65. *See also Zeng Liu,* 207 F.Supp.2d at 193 (denying defendant's request to discover information relating to plaintiff's immigration status because such information is both irrelevant and the need for its disclosure outweighed by the risk of injury to the plaintiffs, even if the parties were to enter into a confidentiality agreement); *Cabrera,* 695 N.W.2d at 81 (holding that plaintiffs' social security numbers are not relevant to determining liability for unpaid wages in a suit under the FLSA and state law).

In *Galaviz–Zamora,* the court denied discovery requests similar to those in this case in an action in which plaintiffs sought both class certification under Rule 23 and collective action certification under FLSA. 230 F.R.D. at 502–03. The court held that the plaintiffs' immigration status was irrelevant to their ability to represent other class members, class certification, and credibility, and thus denied discovery of the plaintiffs' tax returns; W–2 or 1099 forms; all identification documents and information regarding worker status, alien status, social security cards, visas, national origin, and alien identifications; each date and time that the plaintiffs have crossed the US/Mexico border; and any other document or information likely to lead to discovery of the plaintiffs' immigration status. *Id.*

■ This Court agrees with these other courts that the immigration status of a class representative is irrelevant in wage and hour cases, in light of FLSA's coverage of all workers—undocumented or not. Courts have noted that such a position not only benefits the individual workers, but advances the goals of the FLSA. "Permitting an employer to circumvent the labor laws as to undocumented aliens 'permits abusive exploitation of workers' and 'creates an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them.'" *Flores,* 233 F.Supp.2d at 464 (citing *Sure–Tan, Inc. v. NLRB,* 467 U.S. 883, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984)). To allow the immigration status of a class representative to be investigated—indeed to require a representative to enjoy legal immigration status—would seriously undermine the effectiveness of the FLSA.

Accordingly, the Court must balance the legitimate discovery needs of defendant to defend against certification as a class action and collective action and the real *in terrorem* effect that identification and investigation of plaintiffs, putative class members, and witnesses of unclear immigration status has on the enforcement of FLSA.

■ The undersigned has concluded that the defendant can explore and challenge the class certification requirements of numerosity, typicality, commonality, and adequacy of representation, Rule 23(a), and predominance of common issues of law and fact, Rule 23(b)(2), without identifying information of named plaintiffs, putative class members, or potential witnesses.

The defendant can sufficiently evaluate numerosity with only the names of the putative class members by comparing them to the names of its workers. While defendant argues that "full identifications and addresses would assist in the determination of whether these are the persons, real names and whether they actually were workers for the defendants" (Paper No. 2), whether a putative class member used an alias in work arrangements with SCCP would not affect numerosity. As to commonality and typicality, the Court has also concluded that the defendant does not need identifying information if it receives, as this Court has ordered, from counsel information on the work periods, claimed

pay due, work or employment agreement, etc. of both plaintiffs and putative class members. *See* interrogatory nos. 9, 11 and 14. Defendant can evaluate how the situations of the named plaintiffs compare to the situations of the putative class. As to the adequacy of representation, this is a question primarily dependent on the lack of conflict between the named plaintiff and putative class members and the resources and skills of counsel, not the characteristics of the representative plaintiff. The Court acknowledges that in infrequent circumstances, the history or characteristics of the representative may be disqualifying, but rarely so. *See* 3 Alba Conte & Herbert G. Newberg, *Newberg on Class Actions* § 7.8 (4th ed. 2005) ("Generally, unsavory character or credibility problems will not justify a finding of inadequacy unless related to the issues in the litigation, though some courts have refused to certify classes where the named plaintiff was guilty of prior fraudulent conduct or would be likely to present incredible testimony"). This Court agrees with other courts that the probative value of such information as to any individual named plaintiff is outweighed by the prejudice that such inquiry would effect. Defense counsel directly questioned whether a representative without legal immigration status would have the requisite "integrity" to act as the representative. Since the FLSA affords relief regardless of immigration status, lack of legal immigration status cannot be a bar to recovery, or indeed named plaintiff status, as several courts have held. *Supra.*

For all these reasons, the Court denies the motion to compel as to interrogatory nos. 1, 5, 6, 12 and 14 as to any identifying information and the parties have agreed to a protective order as to names and to use limited for purposes of this litigation.

### Interrogatory No. 7

Interrogatory No. 7 asks for names and addresses for each [other] employer for whom named plaintiffs worked and each work site location. While this information is obviously relevant to the claims, this inquiry is premature, in light of the bifurcation of discovery. *Galaviz–Zamora*, 230 F.R.D. at 502–503; *Luna v. Del Monte Fresh Produce, Inc.*, 2007 WL 1500269, **5–6 (N.D.Ga.2007).

Given that discovery is limited to class certification issues, plaintiff is not required to answer interrogatory no. 7 at this time.

### Interrogatory No. 9

Interrogatory No. 9 seeks the specific terms of each putative class member's [employment] agreement, the form of the agreement (oral or written), the date of the agreement, and the names of the persons involved in the negotiation of each agreement.

While the information obviously is relevant to the claims, it also may bear on the issues of typicality and commonality, and the plaintiffs should produce the information.

### Interrogatory No. 11

Interrogatory No. 11 asks for all facts supporting any contention that putative class members received the pay they were due from defendant, the amount, pay period, relevant dates, the job, the job site, and all applicable names, dates and circumstances.

Same ruling as to interrogatory no. 9.

### Interrogatory No. 14

Interrogatory No. 14 seeks for each individual plaintiffs claim should be a class member, the type of work done, the specific job site, specific terms of any oral or written contract, and specific FLSA violation.

Same ruling as to interrogatory no. 9.

Accordingly, the Court grants the motion to compel as to interrogatory nos. 7, 9, 11 and 14. Plaintiffs should provide the additional information ordered to be produced by Monday, January 7, 2008, again pursuant to agreed protective order as to names and to use limited for purposes of this litigation.

Thus, the Court grants in part and denies in part this motion.

It is so ORDERED.