Jonathan REYES, Plaintiff,

v.

**SNOWCAP CREAMERY, INC., Emily Arnold, and Robert Arnold, Defendants.**

Civil Action No. 11–cv–02755–WJM–KMT.

United States District Court, D. Colorado.

Oct. 15, 2012.

Scott A. Moss, Marianna Moss, Moss Law Practice, Skye K. Myers, Weinberger Law Offices, P.C., Denver, CO, for Plaintiff.

Joel C. Maguire, Dietze and Davis, P.C., Boulder, CO, for Defendants.

## ORDER SUSTAINING PLAINTIFF'S OBJECTION, VACATING ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL, AND DENYING DEFENDANTS' MOTION TO COMPEL

WILLIAM J. MARTINEZ, District Judge.

In this civil action, Plaintiff brings claims under the Fair Labor Standards

Act ("FLSA") against his former employers alleging that he was not paid overtime wages for hours that he worked. (ECF No. 1.) The primary issue in this case is whether Plaintiff, who Defendants employed as a "kitchen manager", was properly classified as an exempt employee for purposes of the overtime provisions in the FLSA. (*Id.* at 1.)

Before the Court is Plaintiff's Objection (ECF No. 28) to U.S. Magistrate Judge Kathleen M. Tafoya's Order granting in part Defendants' Motion to Compel (ECF No. 27). For the reasons set forth below, Plaintiff's Objection is sustained, Magistrate Judge Tafoya's Order granting in part Defendants' Motion to Compel is vacated, and Defendants' Motion to Compel is denied in whole.

## I. LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D.Colo.1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law." 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069, at 355 (2d ed. 1997).

## II. FACTUAL BACKGROUND

In August 2009, Plaintiff was hired by Defendants to work at the Snowcap Creamery and Café in Erie, Colorado.

(ECF No. 1 ¶ 6.) At the time Plaintiff was hired, he identified himself to Defendants as Jaime Ibarra. (*Id.* ¶ 5.) Plaintiff was originally hired as an hourly employee. (*Id.* ¶ 48.) In November 2009, Defendants offered Plaintiff the "kitchen manager" position, which he accepted. (*Id.* ¶ 49.) Defendants classified the kitchen manager position as exempt from the FLSA's overtime provisions. (*Id.* ¶ 59.)

At some point during his employment, Plaintiff and Defendants retained the services of immigration attorney Emily Cohen to attempt to obtain a visa for Plaintiff. (ECF No. 21 at 2–3.) Plaintiff is currently a lawful permanent resident of the United States and holds an Employment Authorization Card. (ECF No. 25–1.)

During discovery, Defendants sought to obtain files from Ms. Cohen but she refused to provide any information on the basis that her communications with Plaintiff and any work done on his behalf was privileged. (ECF No. 26–1.) On June 25, 2012, Defendants filed a Motion to Compel seeking disclosure of various documents related to Plaintiff's immigration status. (ECF No. 21.) That Motion to Compel is at issue here.

## II. ANALYSIS

At a hearing on the Motion, Magistrate Judge Tafoya denied the majority of Defendants' requests to compel documents but granted the Motion to Compel insofar as it sought documents related to Plaintiff's relationship with Ms. Cohen. (ECF No. 27.) The portions of the Motion to Compel which were granted are as follows:

b. All Documents relating to Plaintiff and contained in the file of Attorney Emily Cohen;

c. All Documents provided to Emily Cohen by Plaintiff or any other person;

d. All Documents signed by Plaintiff or any other person and relating to any attempt to obtain a Visa for Plaintiff;

e. All Documents from any governmental agency relating to Plaintiff's immigration status.

(*Id.;* ECF No. 21 at 6.) Because Plaintiff had taken the position that Ms. Cohen's files were not within his custody or control, Magistrate Judge Tafoya ordered that Ms. Cohen produce to Plaintiff's attorney in this action "a copy of the entire file pertaining to the immigration matter of plaintiff Jonathan Reyes". (ECF No. 27 at 1–2.) Magistrate Judge Tafoya also ordered that Plaintiff's attorney must then produce all documents he receives from Ms. Cohen to Defendants. (*Id.* at 2.) Therefore, Magistrate Judge Tafoya essentially ordered that Ms. Cohen produce her entire file related to Plaintiff's immigration status to Defendants.

Plaintiff objects to this ruling and argues that: (1) the information compelled by Judge Tafoya is beyond the scope of discovery; and (2) Defendants' discovery requests are an improper attempt to harass and intimidate Plaintiff. (ECF No. 28.) Defendants respond and argue that their discovery request is reasonably calculated to lead to relevant information and, therefore, the information is discoverable. (ECF No. 30 at 5–6.)

■ As Plaintiff points out, the weight of authority clearly holds that a plaintiff's immigration status is irrelevant in an FLSA action. *See, e.g., Montoya v. S.C.C.P. Painting Contractors, Inc.,* 530 F.Supp.2d 746 (D.Md.2008). "[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant." *In re Reyes,* 814 F.2d 168, 170 (5th Cir.1987); *see also Patel v. Quality Inn S.,* 846 F.2d 700, 706 (11th Cir.1988) (holding

illegal immigrants to be entitled to protections of FLSA). Courts routinely deny discovery requests for immigration status based on the argument that such information is needed to test the credibility or truthfulness of the plaintiff's representations. *Rengifo v. Erevos Enters., Inc.,* No. 06 Civ. 4266(SHS)(RLE), 2007 WL 894376 (S.D.N.Y. Mar. 20, 2007) (opportunity to test credibility of party based on representations made when seeking employment does not outweigh chilling effect that disclosure of immigration status has on employees seeking to enforce their rights); *David v. Signal Int'l, LLC,* 257 F.R.D. 114 (E.D.La.2009) ("Credibility is always at issue. That, in and of itself, does not warrant an inquiry into the subject of current immigration status when such examination would impose an undue burden on private enforcement of employment discrimination laws."). Courts have also denied discovery requests related to a plaintiff's immigration status because of the *in terrorem* effect that discovery into such issues would have on litigants. *Galaviz–Zamora v. Brady Farms, Inc.,* 230 F.R.D. 499, 501–03 (W.D.Mich.2005); *Flores v. Amigon,* 233 F.Supp.2d 462, 463 (E.D.N.Y.2002); *Zeng Liu v. Donna Karan Int'l, Inc.,* 207 F.Supp.2d 191, 192–93 (S.D.N.Y.2002); *Flores v. Albertsons, Inc.,* No. CV0100515AHM(SHX), 2002 WL 1163623, at *5–6 (C.D.Cal. Apr. 9, 2002).

■ Defendants attempt to distinguish this case from those cited above because they contend that they seek the information in Ms. Cohen's file solely because it may contain prior statements of Plaintiff's job duties with Defendants. (ECF No. 30 at 5.) The Court questions the veracity of this statement given Defendants' prior briefing on the Motion to Compel in which they stated that they were seeking access to Ms. Cohen's files because those documents "will disclose whether Plaintiff was

an undocumented alien at the time of his employment" and to support their defense that Plaintiff is not entitled to the protections of the FLSA because he is an "undocumented alien". (ECF No. 21 at 6.) Regardless, assuming Defendants seek Ms. Cohen's files only for the purpose of discovering whether they contain any prior statements about Plaintiff's job duties, the Court must still weigh the relevance of the information sought against the possible prejudice to Plaintiff if the Court mandates that Plaintiff disclose these documents. *See Flores*, 233 F.Supp.2d at 464–65; Fed.R.Evid. 403.

Initially, the Court notes that Defendants' discovery requests are overbroad if they are truly seeking only prior statements of job duties. Defendants have pointed to only one small part of one form that may be in Ms. Cohen's file and which may contain information about Plaintiff's job duties at Snowcap. (*See* ECF No. 30 at 3.) Despite this limited showing, Defendants request all documents in Ms. Cohen's file, all documents provided to Ms. Cohen by Plaintiff, all forms filed with the Government, and all documents that Ms. Cohen received back from the Government. Defendants have failed to set forth any explanation as to why they would need access to all of the above—which undoubtedly contains a multitude of personal information that is irrelevant to this case—when they have admitted that they know of only one portion of one form that may contain relevant information about Plaintiff's job duties. This point alone substantially supports Plaintiff's assertion that Defendant's excessively broad document request regarding his previous immigration status is a calculated attempt by his former employer to intimidate and harass him.

The Court also notes that Ms. Cohen's files are not the only source of information about Plaintiff's job duties. The parties have indicated that Plaintiff has been deposed, Emily and Robert Arnold have both been deposed, and at least one of Plaintiff's co-workers at Snowcap Creamery either has been or will be deposed in this case. The fact that Defendants have a number of other avenues to obtain the information they seek from Ms. Cohen's files weighs strongly against compelling disclosure.

Given the above, the Court finds that the risk of injury to Plaintiff if he is required to disclose his immigration attorney's file outweighs the need for its disclosure and, therefore, the Court should not compel disclosure. *See Liu*, 207 F.Supp.2d at 192–93. Notably, Defendants cite no case law supporting their contention that possible statements regarding an employee's job duties in an immigration attorney's file permit discovery of such file in an FLSA case. As one court has stated:

> [W]hile discovery under the Federal Rules of Civil Procedure is generally broad and far-reaching, ... here the added *in terrorem* effect of producing these documents weighs in favor of granting the request for a protective order [to not allow discovery into plaintiff's immigration status]. If forced to disclose their immigration status, most undocumented aliens would withdraw their claims or refrain from bringing an action such as this in the first instance. This would effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation.

*Flores*, 233 F.Supp.2d at 465 n. 2 (internal citations omitted).

Therefore, the Court finds that Magistrate Judge Tafoya's ruling compelling Plaintiff to disclose to Defendants Ms. Cohen's entire file was incorrect as a matter of law. *See Trejos v. Edita's Bar and*

*Rest., Inc.,* 2009 WL 749891, *1 (E.D.N.Y. March 17, 2009) (on a motion for reconsideration, finding that prior ruling that allowed discovery into plaintiff's immigration status in an FLSA case was "incorrect as a matter of law"). As a consequence, Plaintiff's Objection is sustained and Defendants' Motion to Compel is denied in its entirety.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to Magistrate Judge Tafoya's Order granting in part Defendants' Motion to Compel (ECF No. 28) is SUSTAINED;

2. Magistrate Judge Tafoya's Order granting in part Defendant's Motion to Compel (ECF No. 27) is VACATED;

3. Defendants' Motion to Compel (ECF No. 21) is DENIED in its entirety; and

4. Defendants' Motion for Order to Show Cause (ECF No. 34) seeking the Court to order Ms. Cohen to produce Plaintiff's immigration file is DENIED AS MOOT.