Maria CAZORLA, et al., Plaintiffs,

v.

KOCH FOODS OF MISSISSIPPI, LLC, and Jessie Ickom, Defendants.

Civil Action No. 3:10cv135–DPJ–FKB.

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 30, 2012.

Robert B. McDuff, Robert B. McDuff, Attorney, Jacob W. Howard, McDuff & Byrd, Sibyl C. Byrd, Law Office of Robert McDuff, Jackson, MS, Spring A. Miller, Stacie L. Jonas, Caitlin I. Berberich, Southern Migrant Legal Services A Project of Texas Riogrande Legal Aid, Inc., Nashville, TN, for Plaintiffs.

Christina Andrea Vigil, U.S. Equal Employment Opportunity Commission, Albuquerque, NM, Julie Steptoe Bean, Ylda Marisol Kopka, Equal Employment Opportunity Commission, Birmingham, AL, for EEOC.

Scott W. Pedigo, Jennifer Graham Hall, Jeremy Matthew Clay, Nakimuli O. Davis, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, Russell W. Gray, Baker, Donelson, Bearman, Caldwell & Berkowitz, Chattanooga, TN, for Defendants.

## ORDER

F. KEITH BALL, United States Magistrate Judge.

This employment discrimination action is before the Court on Plaintiffs' motion for a protective order. Having considered the motion, the response of Defendant Koch Foods of Mississippi, Inc. (Koch), and Plaintiffs' reply, the Court concludes that the motion should be granted in part and denied in part.

At issue are several written discovery requests and anticipated areas of inquiry during the upcoming depositions of the individual plaintiffs, claimants, and witnesses. The four areas for which Plaintiffs seek to avoid discovery are as follows: (1) The immigration status and history of the individual plaintiffs, witnesses, and claimants; (2) personal identifying information including the individual plaintiffs' and claimants' social security numbers and any aliases used by them other than those used while employed by Koch; (3) the individual plaintiffs' and claimants' tax returns, related documents, and earnings information; and (4) the work histories of the individual plaintiffs and claimants.

## APPLICABLE LAW

A federal court has broad authority to issue, upon a showing of good cause, an order protecting a party from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. Pro. 26(c). Recognizing the chilling or "in terrorum" effect which allowing inquiry into plaintiffs' immigration status would have on the assertion of their rights, courts have frequently relied upon Rule 26(c) to limit discovery in this area in employment discrimination or workers' rights lawsuits. See In re Reyes, 814 F.2d 168 (5th Cir.1987) (issuing writ of mandamus directing district court to withdraw discovery order); Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir.2004); Castillo v. Hernandez, 2011 WL 1528762 (W.D.Tex. April 20, 2011); EEOC v. Evans Fruit Co., 2011 WL 2471749 (E.D.Wash. June 21, 2011); Uto v. Job Site Serv., 269 F.R.D. 209 (E.D.N.Y.2010); Baca v. Brother's Fried Chicken, 2009 WL 1349783 (E.D.La. May 13, 2009); David v. Signal Int'l, 257 F.R.D. 114 (E.D.La.2009); Montoya v. S.C.C.P. Painting Contractors, 530 F.Supp.2d 746 (D.Md.2008); De La O v. Arnold–Williams, 2006 WL 6494873 (E.D.Wash. October 20, 2006); Galaviz–Zamora v. Brady Farms, 230 F.R.D. 499 (W.D.Mich.2005); Liu v. Donna Karan Intern'l, 207 F.Supp.2d 191 (S.D.N.Y.2002). In Rivera, the court noted the particular importance of protecting plaintiffs from this type of discovery in Title VII cases because of the public policy interest in private enforcement of Title VII, stating that discovery of immigration status unacceptably burdens that interest. Id. at 1065. Protection has not been limited to specific inquiries about immigration status; rather, courts have recognized that discovery of social security numbers,

employment histories and tax documents is likely to lead to discovery of immigration status and have limited discovery accordingly. *See Baca*, 2009 WL 1349783 at *1 (prohibiting production of social security cards and tax returns); *De La O*, 2006 WL 6494873 at *1 (denying discovery of tax returns); *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y. November 19, 2004) (upholding magistrate's denial of discovery of tax returns); *Uto*, 269 F.R.D. at 212 (denying social security numbers and tax returns); *Galaviz–Zamora*, 230 F.R.D. at 503 (limiting discovery of employment history).

Consistent with the case law and Rule 26(c), this court's task in considering the present motion is to balance the likely relevance of the information sought by Koch with the burden that the discovery would place on the litigants and on the public's interest in enforcement of Title VII.

## ANALYSIS

*Immigration information and personal identifying information.* Plaintiffs maintain that much of the information sought by Koch is likely to lead to the disclosure of the immigration status of the individual plaintiffs and claimants. Koch counters by arguing that immigration status is relevant because Plaintiffs have alleged as one of their claims that the individual plaintiffs and claimants were subjected to threats of deportation. Apparently it is Koch's position that threats of deportation would not constitute harassment if the subjects of those threats were in the country legally. Koch also asserts that the individual plaintiffs and claimants are seeking damages for emotional distress and that Koch is entitled to discover Plaintiff's immigration status because it may provide an alternative reason for their emotional distress. Finally, Koch argues that it is entitled to discovery of Plaintiff Jose Toledo's immigration status to discover whether he quit his job at Koch because of fears concerning that status, rather than because Koch either terminated or constructively discharged him.

■ Koch's arguments are tenuous. Any relevance of immigration status is clearly outweighed by the *in terrorem* effect disclosure of this information would have in discouraging the individual plaintiffs and claimants from asserting their rights in this lawsuit. Accordingly, Plaintiffs' motion is granted to the extent that neither the individual plaintiffs, claimants, nor any witness shall be required to disclose his or her immigration status or any information regarding immigration proceedings to which he or she may have been a party.

■ *Personal identifying information.* Koch has requested that the individual plaintiffs disclose their place of birth, social security number, and any aliases or nicknames used by them. As a basis for these requests, Koch contends that it is uncertain whether it employed some of the individual plaintiffs and claimants and that this identifying information is necessary for this determination. Plaintiffs, on the other hand, point out that they are disclosing all aliases and nicknames used during any period of employment with Koch and that other nicknames or aliases could not possibly be helpful to Koch in identifying its own employees. The Court agrees.

■ On the other hand, social security numbers used by the individual plaintiffs and claimants could lead to information which would assist in identifying the plaintiffs and claimants. As an additional justification for seeking this information, Defendant claims that social security numbers are necessary in order for it to obtain Plaintiffs' medical records. But Koch's concerns about the identity of the individual plaintiffs and claimants and about obtaining medical records should be adequately addressed by disclosure of the other information requested by it, including dates of birth and addresses, which are discoverable. Absent any particularized showing that Koch is unable to identify a particular named plaintiff or claimant or to obtain a particular plaintiff's or claimant's medical records without disclosure of a social security number, the Court is unwilling to order that all individual plaintiffs and claimants make this disclosure. As to place of birth, Koch has made no showing as to the relevancy of this information. Accordingly, it is ordered that neither the individual plaintiffs, the claimants, nor any witnesses shall be re-

quired to disclose their social security numbers, aliases and nicknames (other than those used while employed at Koch) or place of birth.

**■** *Tax documents and income information.* Koch has requested production of all documents, including tax returns, W–2 and 1099 forms, payroll checks, bank statements, and cancelled checks, that disclose income received from 2003 to the present. It has also propounded an interrogatory seeking information regarding income. With the sole exception of Plaintiff Maria Cazorla, who has agreed to provide this information, none of the individual plaintiffs seek any damages for which income information would be relevant. Moreover, a party seeking to compel another party's tax returns must ordinarily demonstrate both relevance and a compelling need for them. *Channel Control Merchants v. Davis,* 2012 WL 1365743 at *1 (S.D.Miss. April 19, 2012); *see also Natural Gas Pipeline Co. of America,* 2 F.3d 1397, 1411 (5th Cir.1993). Koch has failed to show a compelling need for the tax returns or other related documents. For this reason, the individual plaintiffs (other than Maria Cazorla) and claimants shall not be required to produce any tax documents or other documents revealing income or to disclose any information regarding their income from sources other than Koch.

**■** *Employment history.* Koch contends that information concerning Plaintiffs' employment histories (other than at Koch) is relevant to issues related to the claims of the individual plaintiffs and claimants that they were denied positions for which they were qualified and that they were forced to return to Koch, after being constructively discharged, because they could not find other employment. The Court agrees that this information may lead to admissible evidence. Furthermore, Plaintiffs have failed to establish that providing this information in the form of an interrogatory answer would necessarily reveal immigration status or would otherwise be overly burdensome. For this reason, Plaintiffs will be required to respond to interrogatories concerning other employment, with the exception that they will not be required to disclose income earned. On the other hand, Koch's request for an executed authorization to obtain all employment records is overly broad and unduly burdensome. Instead, the EEOC is directed to provide this information in the form of a written narrative, under oath, detailing the employment histories of the claimants, and their attempts to obtain employment, since 2003. Once Koch has received this information regarding employment history, it should be able to identify whether any individual plaintiff's or claimant's employment records are likely to contain relevant information and may then propound specific, narrowly-tailored requests for these documents.[1]

### CONCLUSION

In summary, the protective order is granted as to the following: Information regarding immigration status and involvement in any immigration proceedings; social security numbers; place of birth; aliases and nicknames other than those used while employed at Koch; production of tax documents and disclosure of any information regarding income earned other than as an employee of Koch; and production of employment documents other than those related to employment with Koch. The motion is in all other respects denied.

SO ORDERED.

---

1. This result is similar to the one reached by the court in *Galaviz–Zamora.* There, the court concluded that the defendants could obtain information on work history in the form of affidavits from the plaintiffs. It denied discovery directly from the employers, however, because of the possibility that by doing so plaintiffs' immigration status would be revealed. Similarly in *Max-* *well v. Health Ctr. of Lake City,* 2006 WL 1627020 (M.D.Fla. June 6, 2006), a Title VII case, the court quashed subpoenas for the plaintiff's' entire personnel files served on other employers, but allowed discovery of evidence relating to prior complaints of discrimination. *Maxwell* did not involve any issue of immigration status.