Oscar **RODRIGUEZ,** Plaintiff,

v.

The **PIE OF PORT JEFFERSON CORP. d/b/a The Pie, and Kristen Pace, Defendants.**

No. CV 14–0519.

United States District Court, E.D. New York.

Signed Sept. 24, 2014.

Frank & Associates, P.C. by Peter A. Romero, Esq., Farmingdale, NY, for Plaintiff.

Zabell & Associates, P.C. by Saul D. Zabell, Esq., Bohemia, NY, for Defendants.

*MEMORANDUM AND ORDER*

WEXLER, District Judge:

Plaintiffs, Oscar Rodriguez and Alexis Torres,[1] bring this action to recover from Defendants, The Pie of Port Jefferson Corporation and Kristen Pace, unpaid overtime wages for hours worked in excess of forty hours per week, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Presently before the Court is Plaintiffs' appeal of the Order of Magistrate Judge Gary Brown of August 13, 2014, granting Defendants' motion to compel and directing Plaintiffs to

respond to certain interrogatories relating to their immigration status. For the following reasons, Plaintiffs' objections are sustained and the Order of Magistrate Judge Brown is reversed.

*DISCUSSION*

I. *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any nondispositive pretrial matter. *See* Fed.R.Civ.P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Under this highly deferential standard of review, a district court may reverse the order only if 'on the entire evidence,' the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Gray v. City of New York,* No. 10–CV–3039, 2013 WL 3093345, at *2, 2013 U.S. Dist. LEXIS 85351, at *7 (E.D.N.Y. June 17, 2013) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001)). "[A] party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.,* No. 08–CV–1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011).

II. *Magistrate Judge Brown's Order*

On August 1, 2014, Defendants filed a motion to compel responses to interrogatories served upon Plaintiffs, which requested that Plaintiffs provide particularized and detailed information concerning their immigration status. Plaintiffs filed their opposition to the motion to compel on August 5, 2014.

---

**1.** Alexis Torres opted into the action after it was commenced.

On August 13, 2014, Magistrate Judge Brown issued an Order granting Defendants' motion to compel and directing Plaintiffs to respond to the interrogatories at issue "in accordance with and to the extent of" *Bermudez v. Karoline's International Restaurant Bakery Corp.,* No. CV 12–6245, 2013 WL 6146083 (E.D.N.Y. Nov. 21, 2013). (Order of Brown, M.J. dated Aug. 13, 2014.) Plaintiffs filed their objections to Magistrate Judge Brown's Order on August 26, 2014.

### III. Discovery Into Plaintiffs' Immigration Status

"Numerous lower courts have held that all employees, regardless of their immigration status, are protected by the provisions of the FLSA." *Flores v. Amigon,* 233 F.Supp.2d 462, 463 (E.D.N.Y.2002) (collecting cases). Accordingly, "courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable." *Liu v. Donna Karan Int'l, Inc.,* 207 F.Supp.2d 191, 192 (S.D.N.Y. 2002) (citing cases); *see also Rengifo v. Erevos Enter., Inc.,* No. 06 Civ. 4266, 2007 WL 894376, at *3 (S.D.N.Y. Mar. 20, 2007) (granting protective order barring defendants from inquiring about plaintiff's immigration status or social security number); *Avila–Blum v. Casa de Cambio Delgado,* 236 F.R.D. 190, 191–92 (S.D.N.Y.2006) (overruling defendants' objections to magistrate's order that granted plaintiff a protective order barring defendants from inquiring into her immigration status); *Topo v. Dhir,* 210 F.R.D. 76, 79 (S.D.N.Y.2002) (finding that plaintiff had demonstrated good cause to warrant a protective order barring defendants from inquiring into her immigration status). Specifically, courts have noted that permitting inquiry into a party's immigration status, when not rele-

vant, presents a "danger of intimidation [that] would inhibit plaintiffs in pursuing their rights." *Topo,* 210 F.R.D. at 78 (quoting *Liu,* 207 F.Supp.2d at 193) (alteration in original); *see also Rengifo,* 2007 WL 894376, at *2 (noting that "[c]ourts have recognized the *in terrorem* effect of inquiring into a party's immigration status and authorization to work in this country when irrelevant to any material claim").

Even where it is arguable that information concerning a plaintiff's immigration status may be relevant, courts have generally held that "the potential for prejudice far outweighs whatever minimal probative value such information would have." *Amigon,* 233 F.Supp.2d at 464–65 (citing *Liu,* 207 F.Supp.2d at 193). As several courts have noted, "it is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face . . . potential deportation." *Topo,* 210 F.R.D. at 78 (quoting *Flores v. Albertsons, Inc.,* No. 01 CV 00515, 2002 WL 1163623, at *5 (C.D.Cal. Apr. 9, 2002)) (alteration in original); *see also Amigon,* 233 F.Supp.2d at 465 n. 2 ("If forced to disclose their immigration status, most undocumented aliens would withdraw their claims or refrain from bringing an action such as this in the first instance."). Such a chilling effect would "effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation." *Amigon,* 233 F.Supp.2d at 465 n. 2 (citing *Flores,* 2002 WL 1163623, at *6).

In *Bermudez v. Karoline's International Restaurant Bakery Corp.,* No. CV 12–6245, 2013 WL 6146083, at *1 (E.D.N.Y. Nov. 21, 2013), Magistrate Judge Brown granted defendants' motion to compel discovery on the issue of plaintiffs' immigration status. This appears to be the first case in this circuit to do so. Magistrate

Judge Brown based his decision to allow discovery into plaintiffs' immigration status on the Second Circuit's decision in *Palma v. National Labor Relations Board*, 723 F.3d 176 (2d Cir.2013).

In *Palma*, the Second Circuit held that the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 122 S.Ct. 1275, 152 L.Ed.2d 271 (2002)—which prohibits undocumented workers who have submitted falsified immigration documents to obtain employment from recovering backpay awards under the National Labor Relations Act ("NLRA")—is "equally applicable to aliens who did not gain their jobs through such fraud but who are simply present in the United States unlawfully." *Palma*, 723 F.3d at 183. Under *Palma*, even if the defendant employer is the one to violate the Immigration Reform and Control Act of 1986 ("IRCA") by hiring and retaining undocumented alien plaintiffs, the plaintiffs are not entitled to an award of backpay for any violation of the NLRA by the defendant employer. *See id.* at 185. According to Magistrate Judge Brown in *Bermudez*, the Second Circuit's decision in *Palma* "raises a question as to whether undocumented workers are precluded from seeking backpay awards in actions ... brought pursuant to the [FLSA], even in the absence of immigration fraud on the part of the employee." *Bermudez*, 2013 WL 6146083, at *1. On that basis, Magistrate Judge Brown found that plaintiffs'

immigration status was "rendered sufficiently relevant to a potential defense so as to require permitting discovery on the issue." *Id.* at *5.

Several district court decisions rendered in this circuit since *Palma*, however, including by this Court, have found to the contrary, holding that "*Palma* does not preclude an undocumented alien from seeking a claim for unpaid wages under the FLSA." *Akin v. Anjon of Greenlawn, Inc.*, 35 F.Supp.3d 239, 242, No. CV 12–4286, 2014 WL 3591763, at *3 (E.D.N.Y. July 17, 2014); *see also Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796, 2014 WL 2738533, at *3 (S.D.N.Y. June 17, 2014) ("Immigration status is irrelevant to an employee's rights under FLSA."); *Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344, 2014 WL 2510576, at *1 (S.D.N.Y. June 2, 2014) (finding immigration status irrelevant in an FLSA case and holding that "undocumented workers are protected by the FLSA"). In a recent opinion from the Southern District of New York, Judge Oetken undertook a lengthy and thorough analysis of *Palma's* impact on the rights of undocumented aliens under the FLSA within the context of a motion for discovery by defendants regarding plaintiffs' immigration status. *See Colon v. Major Perry St. Corp.*, 987 F.Supp.2d 451 (S.D.N.Y. 2013). After examining the statutory language, the legislative history [2] and the underlying policies of both the FLSA and IRCA, Judge Oetken concluded that, despite the decision in *Palma*, the "FLSA, in

---

**2.** As Judge Oetken pointed out, "IRCA's legislative history strongly suggests that Congress believed that undocumented aliens would continue to be protected by the FLSA." *Colon*, 987 F.Supp.2d at 454 (quoting *Patel v. Quality Inn S.*, 846 F.2d 700, 704 (11th Cir.1988)). In connection with the enactment of IRCA, the House Education and Labor Committee reported that "the committee does not intend that any provision of this Act would limit the powers of State and Federal labor standards agencies ... to remedy unfair practices com-

mitted against undocumented employees ... To do otherwise would be counter-productive of our intent to limit the hiring of undocumented employees." *Colon*, 987 F.Supp.2d at 455 (quoting H.R.Rep. No. 99–682(II), at 8–9, 1986 U.S.C.C.A.N. 5757, 5758 (1986)); *see also* H.R.Rep. No. 99–682(I) (1986), at 58, 1986 U.S.C.C.A.N. 5649, 5662 ("It is not the intention of the Committee that the employer sanctions provision of the bill be used to undermine or diminish in any way labor protections in existing law....").

contrast to the NLRA, permits undocumented workers to recover backpay." *Id.* at 457 (citing cases). Moreover, Judge Oetken denied defendants' request for discovery into plaintiffs' immigration status, finding that "[d]iscovery into a FLSA plaintiff's immigration status is irrelevant and impermissible." *Id.* at 464 (citing cases). As discussed above, this principle has been consistently applied in FLSA cases, both before and after *Palma. See* discussion *supra* at 426; *see also Marquez v. Erenler, Inc.,* No. 12 Civ. 8580, 2013 WL 5348457, at *1 (S.D.N.Y. Sept. 20, 2013) ("Based on ... the irrelevance of immigration status to an FLSA claim, as well as the chilling effect that such compelled disclosure would have on enforcement of the FLSA, we deny defendants' request for disclosure of immigration status."); *Alcoser v. A Spice Route Inc.,* No. 12 Civ. 2106, 2013 WL 5309496, at *1 (S.D.N.Y. Sept. 19, 2013) (affirming magistrate's decision denying defendants' discovery request concerning plaintiffs' immigration status).

Based on the foregoing, the Court finds that Magistrate Judge Brown's Order directing Plaintiffs to respond to Defendants' interrogatories concerning their immigration status is contrary to law and is therefore reversed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the August 13, 2014 Order of Magistrate Judge Brown, directing Plaintiffs to provide responses to Defendants' interrogatories concerning Plaintiffs' immigration status, are sustained. The Order of Magistrate Judge Brown is hereby reversed.

**SO ORDERED.**